**UNITED STATES of America, Appellee,**

v.

**Maurice Fred ALVES,
Defendant, Appellant.**

**No. 88–1752.**

United States Court of Appeals,
First Circuit.

Heard March 2, 1989.

Decided May 8, 1989.

See also, D.C., 688 F.Supp. 70.

Robert D. Richman, Federal Defender Office, for defendant, appellant.

Martin F. Murphy, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., was on brief, for U.S.

Before CAMPBELL, Chief Judge, COFFIN, Senior Circuit Judge, and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

In this sentencing guidelines case, we must decide an issue of first impression: is a career offender entitled to a two-point reduction for acceptance of responsibility for his criminal conduct from the sentencing levels set for a career offender.[1] The district court held "that a career offender is not entitled to the acceptance of responsibility for a two point deduction." For the reasons set forth below, we affirm.

## I. FACTS

Maurice Fred Alves, defendant-appellant, was indicted on five counts of bank robbery in violation of 18 U.S.C. § 2113(a). Count one was dropped, for reasons not germane to this appeal, and Alves pleaded guilty to the remaining four counts.

At the sentencing hearing, the court first calculated Alves' adjusted offense level under the regular method for bank robbery and determined it to be 23. Next, it determined that, as a career offender,[2] the alternative base offense level for Alves was 32 and that Alves' lengthy prior criminal history put him in the highest category (VI) for offense level 32.[3] A career offender always has a category of VI. Guidelines

---

1. The defendant's attack on the constitutionality of the guidelines was authoritatively addressed by *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

2. The career offender provisions apply to any defendant who:
   is eighteen years old or older and—
   (1) has been convicted of a felony that is—
     (A) a crime of violence; or
     (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); and

   (2) has previously been convicted of two or more prior felonies, each of which is—
     (A) a crime of violence; or
     (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).
   28 U.S.C. § 994(h); *see also* Guidelines §§ 4B1.-1, 4B1.2.

3. Alves does not challenge the methods used to compute his sentence in any way other than in the issue presented.

§ 4B1.1. Because the career offender level was higher than the regular level, the court sentenced Alves under the higher level. *See* § 4B1.1. The range for sentences under level 32, category VI is 210–262 months; a two-point reduction would have put the range at 168–210 months. Based on the government's recommendation under the plea agreement, the court sentenced Alves to 210 months on each count, to run concurrently to each other.[4] The court also ordered three years of supervised release on each count, the sentences to run concurrently, and special assessments of $50 on each count for a total of $200. The court rejected Alves' request to depart downward from the guidelines in his sentence; this request was based in part on the failure of the sentence to reflect Alves' acceptance of responsibility.

The court did not make a finding as to whether Alves had in fact accepted responsibility for the crimes since, under its ruling, it did not have to reach the question. There was no stipulation by the parties on this, but the government does not deny Alves' assertion that he accepted responsibility.

## II.  DISCUSSION

 Once the sentencing judge finds that a defendant has in fact accepted responsibility, the downward adjustment in offense level must be made. *See* Guidelines § 3E1.1(a); *United States v. Perez–Franco*, 873 F.2d 455, 464 (1st Cir.1989) ("If the court finds that the defendant did [accept responsibility], then he *shall* be entitled to the two point reduction.") (emphasis added).[5] Although the guidelines do not explicitly address the issue, a number of considerations lead us to conclude that a career offender is not eligible for the two-point downward adjustment for acceptance of responsibility.

First, the guidelines describe the procedure to be followed in determining the ap-propriate sentencing level for a defendant. § 1B1.1 (*Application Instructions*). Under these instructions, the first step is to use the actual statute of conviction to determine the offense level. §§ 1B1.1(a) and (b). A number of adjustments are then made to this level, including the acceptance of responsibility adjustment. §§ 1B1.1(c)–(e). "The resulting offense level is the total offense level." § 1B1.1(e). Next, the defendant's criminal history category is determined. § 1B1.1(f). After this is done, the court looks to see if provisions in Chapter 4, Part B apply, such as career offender provisions, which may set another offense level. § 1B1.1(f). "If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level below shall apply." § 4B1.1. The guidelines do not then apply the adjustments noted in §§ 1B1.1(c)–(e) to the level found for a career offender. Rather, at this point, the appropriate offense level and criminal history level are used to determine the sentencing range from the table in Chapter 5, Part A. § 1B1.1(g). Finally, the court considers the various sentencing requirements and options and the applicability of various policy considerations in setting the sentence, including the appropriateness of a departure. §§ 1B1.1(h) and (i). If the application instructions are followed in the order written, as they presumably should be, a career criminal is never allowed the two-point reduction from his career-offender level determination.

Second, amendments to the guidelines are a factor in our conclusion. The career offender and criminal livelihood provisions are both contained in Chapter 4, Part B of the guidelines. Based on the sequential format of the application instructions, the two-point reduction for acceptance of responsibility would not be available to either a career offender or a criminal who fits the criminal livelihood provision of § 4B1.3. Recent amendments to the guidelines show

---

4. The sentences were also to run concurrently to state sentences for other bank robberies to which Alves pleaded guilty.

5. The sentencing court has discretion in deciding if a defendant has accepted responsibility, § 3E1.1, Comment 5, and if such acceptance was timely, *Perez–Franco*, at 464.

this to be the Sentencing Commission's intent. Effective June 15, 1988, § 4B1.3 was amended to allow the acceptance of responsibility deduction, and only that one, to be applied to defendants who fit the criminal livelihood provision. "The purpose of this amendment is to provide that the adjustment from § 3E1.1 (Acceptance of Responsibility) applies to cases under § 4B1.3 (Criminal Livelihood)." Sentencing Guidelines, App. C at C.27. At the same time that § 4B1.3 was amended, § 4B1.1, pertaining to career offenders, was amended but not in such a way as to give career offenders the benefit of § 3E1.1. If the Commission believed that all defendants who fit within Chapter 4, Part B were entitled to the acceptance of responsibility reduction, then the amendment to § 4B1.3 was unnecessary. Moreover, had the Commission wished to include career offenders in the group of defendants eligible for the reduction, it would have done so at the same time and in the same manner that it amended § 4B1.3.

Third, our conclusion comports with the legislative mandate of the Commission. 28 U.S.C. § 994(h) states: "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized" for career offenders. The maximum sentence authorized for bank robbery is twenty years. 18 U.S.C. § 2113(a). Without the two-point reduction, the applicable sentencing range for Alves, as a career offender, was 210–262 months or seventeen and one-half years to twenty-one years, ten months. Thus, the guidelines minimum is two and one-half years less than the statutory maximum and the guidelines maximum is actually above the statutory maximum. With the two-point reduction, the applicable range would have been 168–210 months, or fourteen to seventeen and one-half years. This would make the guidelines minimum six years less than the statutory maximum and the guidelines maximum two and one-

half years less than the statutory maximum. Permitting a career offender to obtain the benefit of a two-point reduction would undercut the Commission's attempt to adhere to its mandate of specifying a sentence at or near the statutory maximum for such offenders.

■ Fourth, even under our interpretation of the guidelines, a career offender's acceptance of responsibility may still be reflected in his actual sentence. In deciding the defendant's actual sentence, a court must choose from the range set by the guidelines. The range may be rather wide; in this case the range was over four years. In determining the exact amount of time to be served from that range, a court may factor into its sentence a defendant's acceptance of responsibility. Moreover, "the court may depart from the guidelines even though the reason for departure is listed elsewhere in the guidelines (*e.g.*, as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." § 5K2.0. The court might determine that acceptance of responsibility by a career offender in certain instances constituted "unusual circumstances" such as to warrant a departure from the guidelines. Although a career offender is not eligible for the precise and predictable reduction afforded under § 3E1.1, he may nonetheless receive some benefit for acceptance of responsibility. As a policy matter, therefore, our interpretation of the guidelines does not necessarily discourage career offenders from accepting responsibility for their criminal conduct.[6]

### CONCLUSION

Although the sentencing guidelines are silent on the issue, four lines of reasoning lead to our conclusion that the two-point adjustment for acceptance of responsibility is not applicable in setting the career of-

---

**6.** Although it is not likely to occur frequently, it is conceivable that the statutory offense level, after appropriate adjustments, including acceptance of responsibility, may be higher than the applicable career offender level. Under such circumstances, the defendant will be sentenced under the statutory level which will, therefore, reflect the defendant's acceptance of responsibility.

fender offense level. The defendant's sentence is therefore .

Affirmed.