UNITED STATES of America,
Plaintiff–Appellee,

v.

Abraham Rodriguez FLORES,
Defendant–Appellant.

No. 88–1566.

United States Court of Appeals,
Fifth Circuit.

June 9, 1989.

Mike Brown, Lubbock, Tex. (Court–Appointed), for defendant-appellant.

Steven M. Sucsy, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before WISDOM, KING and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Following his conviction for knowingly and intentionally distributing heroin, Abraham Flores appeals only the sentence he received. First, he claims that the United States Sentencing Guidelines should not have been used to determine his sentence because they are unconstitutional. In the alternative, he claims that the Guidelines were imposed incorrectly. We find however that the district court correctly applied the Guidelines, and we affirm.

## I. *Facts and Prior Proceeding*

On November 20, 1987, a confidential informant working for the Drug Enforcement Administration Task Force met with Abraham Flores to purchase heroin. In exchange for $700, Flores gave the informant 2.5 grams of 54% pure heroin. Out of the exchange, Flores was indicted for knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Flores pleaded guilty to the charge on May 12, 1988.[1]

Flores was sentenced to a 240 month prison term and to a five year term of supervised release. The district court based this sentence upon a finding under the Guidelines that Flores was a "career offender," that he had in the past engaged in an extensive pattern of criminal conduct, that he associated with others who had been convicted of similar drug charges, and that he had a propensity to commit further offenses if not incarcerated. The court relied on six previous burglary convictions in finding Flores a "career offender."

## II. *Constitutionality of the Federal Sentencing Guidelines*

Appellant's claim of the unconstitutionality of the Sentencing Guidelines has been resolved against him. The Guidelines were declared constitutional in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

## III. *Computation of Flores' Sentence Under the Sentencing Guidelines*

■ Appellant Flores argues that he does not fit within the definition under the Guidelines of a "career offender." His argument centers around the court's use of his six prior convictions for burglary. He argues that the court improperly relied on the pre-sentence report in concluding the burglaries were of residences and as such were "crimes of violence." Further, he argues that the burglaries are "related" so that they should have been counted as one for purposes of sentencing by the district court.

A "career offender" within the meaning of the Guidelines is defined in Section 4B1.-1:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

On appeal, Flores disputes whether the third requirement of § 4B1.1 was met, arguing that the district court incorrectly relied on six prior burglary convictions as the requisite prior "crimes of violence." He further argues that even if the burglaries were properly characterized as crimes of violence, they were in "related cases" so that they should have been treated as one for purposes of his sentencing under the Guidelines.

## A. The Prior Burglaries as Crimes of Violence

The record reflects that prior to this offense, Flores had been convicted of six

---

**1.** In exchange for the guilty plea, the government agreed to drop a second count in the indictment which is not at issue in this appeal. The second count charged Flores with knowingly and intentionally distributing, on November 25, 1987, 2.1 grams of heroin in violation of the same sections of the United States Code.

burglaries of private residences under the Former Texas Penal Code of 1925.[2] We must look to the definitions under the 1925 Code to determine whether these convictions are for crimes of violence under § 4B1.1. The term "crime of violence" as used under § 4B1.1 is defined under 18 U.S.C. § 16. § 4B1.2(1). 18 U.S.C. § 16 provides:

> The term "crime of violence" means—
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another,[3] or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Flores' argument focuses on subsection (b). He argues that burglary under the Texas Penal Code of 1925 is not "by its nature" a crime of violence because to be convicted of burglary under the 1925 Code, there did not have to be a substantial risk of force. Flores' argument however is too broad. We do not need to address whether all burglaries under the 1925 Code should be excluded from the classification of crimes of violence.[4] The district court had enough evidence before it to determine that Flores had been previously convicted of burglaries of private residences, and as such, that they clearly fit within the classification of offenses subsection § 16(b) was designed to cover.

1. *Evidence in the Record that the Burglaries Involved Private Residences*

■ The actual convictions on their faces do not support a finding that the burglaries

Flores was convicted of were ones of personal residences. The six prior convictions either state that he was convicted of burglary without any further explanation or that he was convicted of burglary as charged in the indictment. The convictions also do not specify the section of the Texas Penal Code under which he was convicted. Because of other evidence in the record, however, we are able to conclude that his prior convictions were for burglaries of residences.

First, the pre-sentence report specifies that the burglaries were of private residences. The employee from the probation office who prepared this report also testified at the sentencing hearing about how he obtained the information contained in the report. He obtained the specifics as to each conviction from the county clerks in the three counties in which the convictions occurred. He explained that he contacted the clerks after seeing that the convictions were not specific as to the type of burglary involved. Second, the employee also testified that in Flores' Texas Department of Corrections records, which are not a part of the record, there is an admission by Flores that his previous convictions were for burglaries of residences.

Flores' only objection to the admission of any of this evidence concerning his prior convictions was based on hearsay. The district court correctly relied on this information, however, even though it was hearsay because the pre-sentence report coupled with the employee's testimony was sufficiently reliable. Federal Rules of Evidence 1101(d)(3); *United States v. Garcia*, 693 F.2d 412, 416 (5th Cir.1982); *United*

---

**2.** The different types of burglary under Texas law are now defined at §§ 30.01–30.05 of the Texas Penal Code. Tex.Penal Code Ann. §§ 30.-01–30.05 (Vernon 1979).

**3.** The government does not contend that the convictions fall under 18 U.S.C. § 16(a). We thus need not address this issue. Briefly, however, we note burglaries as defined by Texas law do not necessarily fit under § 16(a) because they do not necessarily have as an element physical force as is required by the subsection. For example, the offense could be committed

without force, i.e. by fraud, as in clandestine entry without breaking. Tex.Penal Code Art. 1392 (1925); *Bowie v. State*, 401 S.W.2d 829, 830–31 (Tex.Crim.App.1966).

**4.** Under the 1925 statute, "house" was the generic name for the structure that was broken into in a burglary offense. Texas Penal Code Art. 1389 (1925). The term included "any building or structure erected for public or private use." It is not clear then that a conviction of burglary was intended to fit under § 16(b). *See* Application Note 1, § 4B1.2.

*States v. Benton*, 637 F.2d 1052, 1060 (5th Cir.1981).

Further, Flores had the burden of showing that this information upon which the district court relied in sentencing was materially untrue. *United States v. Clements*, 634 F.2d 183, 186 (5th Cir.1981). He has failed in this burden. He has not denied that the information used was accurate, only that it was not properly admissible. The court's reliance then on the presentence report and the probation office employee's testimony was proper in concluding that the convictions were for burglaries of private residences.

### 2. Burglary of a Residence as a Crime of Violence

■ Under § 16(b), it is clear that burglary of a residence fits within the classification of offenses that Congress intended to include. The legislative history is reported as follows:

> Offenses such as burglary in violation of a State law ... would be included in [16(b)] inasmuch as such an offense would involve the substantial risk of physical force against another person or against the property.

S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Cong. & Adm.News 3182, 3486. Any burglary might be covered under this language. But in any event "burglary of a residence" is. Whenever a private residence is broken into, there is always a substantial risk that force will be used.

Of critical importance is Application Note 1 of the Commentary to § 4B1.2 of the Guidelines. It states that the Commission interprets "crime of violence" to include a conviction for burglary of a dwelling. The court then correctly determined that Flores had been convicted of at least two prior crimes of violence as was required to find Flores a career offender.[5]

### B. The Prior Convictions as "Related Cases" Within the Meaning of § 4A1.2(a)(2).

■ Flores next asserts that even if the prior convictions were properly characterized as "crimes of violence," they are "related cases" so that the district court should have counted all of the convictions as one for purposes of sentencing. The term "two prior felony convictions" as used in § 4B1.1 is clarified at § 4B1.2(3) of the Guidelines:

> (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ..., and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A of this Chapter.

The relevant portion of Part A, Application Note 3, indicates that prior sentences imposed are to be counted separately in "unrelated cases" and as one sentence in "related cases" under § 4B1.1. § 4A1.2(a)(2). "Cases are considered related if they '(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.' " Application Note 3, § 4A1.2. Flores asserts that the six prior convictions were "related" because they were consolidated for trial and sentencing.

As to his argument that his convictions were consolidated for trial, he points out that two of his convictions were consolidated for trial in Collin County, and that three of his convictions were consolidated for

---

5. Flores also argues that § 16(b) is ambiguous, and, as such, must be read in the light most favorable to him. *See United States v. Cruz*, 805 F.2d 1464, 1469 (11th Cir.1986), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987) (The court stated whether drug trafficking is a crime of violence is "at best, ambiguous."). However, other courts that have considered the same issue as *Cruz* have found § 16(b) unambiguous. *See United States v. Meyer*, 803 F.2d 246, 248–49 (6th Cir.1986), *cert. denied*, 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 770 (1987) (Section 16(b) not ambiguous on issue of drug trafficking.).

Flores' further assertion based on *Cruz* is also without merit. He alleges that the trial judge in this case, in making his determination that the past offenses were "crimes of violence," improperly considered the offenses on a case by case basis. *Cruz*, 805 F.2d at 1469. We find no evidence of this in the record.

trial in Dallas. Flores' argument ignores a crucial point: only two prior unrelated convictions are needed. Thus, even if the convictions that were consolidated count only as one sentence, the six convictions were tried in three separate trials in three separate counties on three separate dates, covering a period of over one and a half years. At the least, the district court had evidence of three prior convictions that were "unrelated" as to their actual trials.

Flores further asserts that the convictions should be considered "related" because all six were consolidated for sentencing. His argument is based on the fact that the six sentences ran concurrently. His argument fails. While two judges ordered that the sentence for the separate convictions begin on September 8, 1972, they made no reference to any of the other convictions. The third judge did not specify September 8 as the starting date; however, that date was the effective date because the court ordered that Flores receive credit for the 688 days he had already served. It was through operation of the law then that the sentences ran concurrently. Tex.Code Crim.Proc. § 42.08 (Vernon's 1979). Simply because two convictions have concurrent sentences does not mean that the crimes are "related" under Part A. *See* Supplementary Illustrations, Examples B.3, B.4, § 4A1.2(a)(2). Mere concurrent sentences are not enough to defeat the policy of the Guidelines:

> The commission shall assure that the guidelines specify a sentence to a substantial term of imprisonment for categories of defendants in which the defendant —(1) has a history of two or more prior federal, state, or local felony convictions for offenses committed *on different occasions;* . . . .

28 U.S.C. § 994(i) (emphasis added). While there may or may not have been six separate sentencing proceedings, there were at least three, and two were all that were needed under the definition of a career offender.

We find that Flores has more than two convictions that are "unrelated" as to their trials and sentences. Flores is a "career offender" under the Guidelines.

### IV. *Conclusion*

We affirm the sentence imposed by the district court. We find enough evidence in the record to uphold the district court's determination that the prior convictions of Flores were for burglaries of residences, and thus, "crimes of violence." The district court also correctly found that at least two of the convictions were not related. His sentence then was correctly imposed by the court using the classification of "career offender."

AFFIRMED.