UNITED STATES of America,
Plaintiff–Appellee,

v.

Louis CRUZ, Defendant–Appellant.

No. 88–6171

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1989.

Bobby Flores (Court Appointed), McAllen, Tex., for defendant-appellant.

Louis Cruz, Corpus Christi, Tex., pro se.

Paula Offenhauser, Kathlyn Giannaula, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Louis Cruz pled guilty to possession of approximately 3 kilograms of marihuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and was sentenced to a 51–month prison term. On appeal, he challenges only his sentence. He contends that the district court misapplied the sentencing guidelines, *see* 18 U.S.C. § 3553(a), by finding that he was a "career offender" under Guideline § 4B1.1 and by failing to deduct two points from his career offender offense level for acceptance of responsibility as provided in Guideline § 3E1.1. Finding no error in the sentence imposed, we affirm.

I

Cruz first challenges the district court's finding that he was a "career offender" within the meaning of the Guidelines. Guideline § 4B1.1 provides that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant of-

fense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The district court concluded that Cruz was at least 18 years old, that his instant offense was a "controlled substance offense," and that he had two prior felony convictions, one which qualified as a "crime of violence" and another which qualified as a "controlled substance offense." Cruz argues that the district court erred by finding that his prior convictions for burglary and illegal investment qualified, respectively, as a "crime of violence" and a "controlled substance offense."

## A. BURGLARY OF A HABITATION

██ Cruz contends that his prior conviction for burglary of a habitation under Tex.Penal Code Ann. § 30.02 (Vernon 1979) does not qualify as a "crime of violence" within the meaning of § 4B1.1 because there was no evidence that force was used or threatened during the commission of that offense. This argument is meritless.

The term "crime of violence" as used in § 4B1.1 is defined under 18 U.S.C. § 16. Guideline § 4B1.2(1). Section 16 provides:

The term "crime of violence" means—
(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 16 (emphasis added).

In *United States v. Flores*, 875 F.2d 1110, 1113 (5th Cir.1989), we concluded that burglary of a dwelling was a "crime of violence" under § 4B1.1, noting that

"[w]henever a private residence is broken into, there is always a substantial risk that force will be used." Importantly, Application Note 1 of the Commentary to § 4B1.2 specifically states that burglary of a dwelling is a "crime of violence." The district court therefore correctly concluded that Cruz' prior conviction for burglary of a habitation qualified as a "crime of violence" under § 4B1.1.

## B. ILLEGAL INVESTMENT

██ Cruz next argues that the district court erred by finding that his prior conviction for illegal investment under Tex.Rev. Civ.Stat.Ann. art. 4476–15 § 4.052 (Vernon Supp.1989) qualified as a "controlled substance offense." We disagree.

The term "controlled substance offense" as used in Guideline § 4B1.1 is defined as "an offense identified in 21 U.S.C. §§ 841, 845b, 856, 952(a), 955, 955a, 959; *and similar offenses.*" Guideline § 4B1.2(2) (emphasis added). Application Note 2 of the Commentary to § 4B1.2 provides:

"Controlled substance offense" includes any federal or state offense that is substantially similar to any of those listed in subsection (2) of the guideline. These offenses include manufacturing, importing, distributing, dispensing, or possessing with intent to manufacture, import, distribute, or dispense, a controlled substance (or a counterfeit substance). This definition also includes aiding and abetting, conspiring, or attempting to commit such offense, and other offenses that are substantially equivalent to the offenses listed.

Under Texas law, a person commits the offense of illegal investment if he knowingly or intentionally (1) expends funds that he knows are derived from the commission of certain enumerated narcotics offenses, or (2) finances or invests funds he knows or believes are intended to further the commission of such an offense. Tex.Rev.Civ. Stat.Ann. art. 4476–15 § 4.052(a).[1] Section

---

**1.** Section 4.052. (a) A person commits an offense if the person knowingly or intentionally:
  (1) expends funds he knows are derived from the commission of an offense under Section

4.03(c), 4.031(c), 4.032(c), 4.04(c), 4.041(c), 4.042(c), 4.043(c), 4.05(c), or 4.051(c) of this Act; or

4.052(a)(1) lists as applicable narcotics offenses §§ 4.05(c) and 4.051(c), which proscribe the delivery and possession of more than fifty pounds of marihuana.

Cruz admits that he pled guilty to the offense of illegal investment but argues that it does not constitute a "controlled substance offense." We find sufficient evidence in the record to support the trial court's finding that Cruz was convicted under Section 4.052(a)(2) for financing or investing funds which he knew or believed were intended to further the commission of a listed narcotics offense—the possession or delivery of over fifty pounds of marihuana. The offense reports of this incident, which were admitted into evidence without objection, indicate that Cruz and another individual named Vaquera drove to a rest area where undercover officers had agreed to sell Vaquera marihuana; that Vaquera had already given the officers over $8,000; and that when he arrived with Cruz he had $10,000 with which he intended to purchase 100 pounds of marihuana. The probation officer testified at the sentencing hearing that eighty-eight pounds of marihuana were actually involved. Cruz disputes the extent of his involvement in the transaction and argues that there is insufficient evidence to support the trial court's ruling that his conduct amounted to a conspiracy to possess marihuana with intent to distribute.

To determine whether Cruz' prior conviction for illegal investment qualifies as a "controlled substance offense," we need not decide whether the facts underlying that conviction would support a conviction for conspiracy to possess marihuana with intent to distribute. We need only decide whether the offense defined under Tex. Rev.Civ.Stat. art. 4476–15 § 4.052(a)(2) is "substantially similar" to the offenses listed as "controlled substance offenses" in Guideline § 4B1.2(2). *See* Application Note 2 of the Commentary to § 4B1.2. Section

(2) finances or invests funds he knows or believes are intended to further the commission of an offense listed in Subdivision (a)(1) of this subsection.
(b) An offense under Subsection (a) of this section is punishable by confinement in the

4.052(a)(2) proscribes financing or investing funds known or believed to be intended to further the commission of a listed narcotics offense. We find that this offense is "substantially equivalent to the offenses listed" in § 4B1.2(2), which includes aiding and abetting, conspiring, and attempting to commit a listed narcotics offense. *See* Application Note 2 of the Commentary to § 4B1.2. We therefore affirm the district court's finding that Cruz' prior conviction for illegal investment qualified as a "controlled substance offense," holding as a matter of law that a conviction under Tex. Rev.Civ.Stat.Ann. art. 4476–15 § 4.052(a)(2) constitutes a "controlled substance offense" under Guideline § 4B1.1. In reaching our conclusion, we express no opinion as to whether a conviction under subsection (1) of the Texas statute, which proscribes the expenditure of funds derived from the commission of a listed narcotics offense, qualifies as a "controlled substance offense." Finding that Cruz has two prior felony convictions, one which qualifies as a "crime of violence" and another which constitutes a "controlled substance offense," we affirm the trial court's ruling that Cruz is a "career offender" within the meaning of Guideline § 4B1.1.

## II

■ Finally, Cruz contends that the district court erred by failing to deduct two-points from his career offender offense level for acceptance of responsibility as provided in Guideline § 3E1.1.

Although this is a question of first impression in our circuit, both the First and Third Circuits have recently concluded that the Guidelines do not provide for a two-level reduction for acceptance of responsibility from the sentencing levels set for career offenders. *See United States v. Alves,* 873 F.2d 495 (1st Cir.1989); *United States v. Huff,* 873 F.2d 709 (3d Cir.1989). We agree.

Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine of not more than $1,000,000 or less than $50,000.

Instructions for applying the Sentencing Guidelines are found in Guideline § 1B1.1. First, a base offense level is taken from the Chapter Two guideline section most applicable to the statute of conviction. §§ 1B1.-1(a) and (b). Adjustments, including the adjustment for acceptance of responsibility, are then made to obtain the total offense level. §§ 1B1.1(c)–(e). The defendant's criminal history category is then determined. § 1B1.1(f). Next, the court considers whether the career offender or criminal livelihood provisions of Chapter 4, Part B apply, which may provide an alternative offense level and criminal history category. § 1B1.1(f). "If the offense level for a career criminal from the table below [the career criminal table] is greater than the offense level otherwise applicable, the offense level from the table below shall apply." § 4B1.1. "The career offender table has no provisions for adjustments and a career offender's criminal history category is always Category VI." § 4B1.1. Finally, the guideline range is determined under Chapter 5, Part A based on the total offense level and criminal history category. § 1B1.1(g). Thus, if the instructions are followed in sequence, the adjustments found in §§ 1B1.1(c)–(e), including the adjustment for acceptance of responsibility, will not be applied to the career offender offense level. *Accord Alves*, 873 F.2d at 497; *Huff*, 873 F.2d at 713.

In the instant case, the trial judge noted that the base level for the drug offense was 12. He reduced the offense level to 10, finding Cruz entitled to the acceptance of responsibility deduction as provided by § 3E1.1. The judge then found that Cruz was a "career offender" under § 4B1.1 and that his career offender offense level was 17. Since the career offender offense level of 17 was greater than the total offense level of 10, the judge used the career offender offense level and criminal history category to calculate Cruz' guideline range under Chapter 5, Part A. The range for sentences under offense level 17, criminal

history category VI is 51–63 months. Based on the government's recommendation under the plea agreement, the court sentenced Cruz to 51 months. Cruz argues that the trial court should have reduced his career offender offense level from 17 to 15 for acceptance of responsibility. The range for sentences under offense level 15, criminal history category VI is 41–51 months. Cruz contends that under the plea agreement he should have been sentenced to only 41 months. We find that the district court properly applied the guidelines in accordance with the instructions provided in Guideline § 1B1.1, and are unable to conclude that the Sentencing Commission intended the court to proceed otherwise.

Recent amendments to Guideline § 4B1 support our conclusion. The criminal livelihood section, § 4B1.3, was amended to permit the acceptance of responsibility deduction while amendments to § 4B1.1, governing career offenders, made no such provision. As the First Circuit has stated:

> If the Commission believed that all defendants who fit within Chapter 4, Part B were entitled to the acceptance of responsibility reduction, then the amendment to § 4B1.3 was unnecessary. Moreover, had the Commission wished to include career offenders in the group of defendants eligible for the reduction, it would have done so at the same time and in the same manner that it amended § 4B1.3.

*Alves*, 873 F.2d at 498. *See also Huff*, 873 F.2d at 714 (amendment allowing acceptance of responsibility reduction in cases under § 4B1.3 tends to indicate that Commission did not intend reduction to apply under § 4B1.1).

Finally, we cannot ignore Congress' mandate to the Sentencing Commission to ensure that defendants who qualify as "career offenders" receive sentences of imprisonment "at or near the maximum level" authorized by statute. 28 U.S.C. § 994(h).[2]

---

**2.** The statutory maximum sentence for possession of 3 kilograms of marihuana with intent to distribute is five years or 60 months. 21 U.S.C. § 841(b)(1)(D). Cruz' career offender offense

level and criminal history category produce a sentencing range of 51–63 months. With a two point deduction from his career offender of-

The Commission established career offender offense levels in § 4B1.1 to implement this directive. *See* Commentary to Guideline § 4B1.1. Guideline § 4B1.1 makes no allowance for such adjustments and we will not frustrate the policy behind Congress' directive by permitting such deductions from career offender offense levels. *Accord Alves*, 873 F.2d at 498 (Congress' mandate to Commission to sentence career offenders to prison terms at or near statutory maximum would be undercut by allowing acceptance of responsibility deduction from career offender offense level); *Huff*, 873 F.2d at 713 (same). We therefore join the First and Third Circuits in concluding that the two-point deduction for acceptance of responsibility does not apply in setting the career offender offense level.

For the reasons stated above, the sentence imposed by the district court is, in all respects,

AFFIRMED.

fense level, however, the range is only 43–51 months.