976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
David Keith JOHNSTON, Defendant-Appellee.
 No. 91-10291.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Aug. 24, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 ORDER
 The memorandum filed May 6, 1992 is ordered WITHDRAWN.
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government timely appeals a guideline sentence of 137 months imposed following a guilty plea to one count of a four count indictment. Johnston pled guilty to aviation smuggling in exchange for both a dismissal of the remaining three counts and a stipulation that the sentence would not exceed 188 months. The presentence investigation uncovered two prior controlled substance convictions which placed Johnston in a career offender status mandating a sentencing range from 168 months to 210 months. We vacate the sentence and remand for resentencing.
 
 
 3
 Johnston raises three arguments on appeal to support his theory that aviation smuggling should not trigger harsh "repeat offender" sentencing. First he contends that career offender provisions only apply to mandate a harsher sentence if the conviction is one specifically enumerated within 28 U.S.C. § 994(h). Second, he claims that the rule of lenity prohibits an inconsistent interpretation of § 994(h). Last, Johnston asserts that since Congress named specific violations in § 994(h), their intent was only to punish those few convictions more harshly. These arguments, however, are not persuasive.
 
 
 4
 The trial court was persuaded by Johnston's argument that career offender terms may not be imposed unless the prior convictions are for offenses enumerated within 28 U.S.C. § 994(h). This is not an accurate reading of the statute.
 
 Section 994(h) provides that:
 
 5
 "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--
 
 
 6
 (1) has been convicted of a felony that is--
 
 
 7
 (A) a crime of violence; or
 
 
 8
 (B) an offense described in [21 U.S.C. 841, 952(a), 955, 955a and 959]; and
 
 
 9
 (2) has previously been convicted of two or more felonies, each of which is
 
 
 10
 (A) a crime of violence; or
 
 
 11
 (B) an offense described in [21 U.S.C. 841, 952(a), 955, 955a, and 959].
 
 
 12
 Johnston does not deny that both his instant conviction for aviation smuggling and his prior Kansas state conviction for possession of marijuana with intent to distribute are "controlled substance offences" as defined in U.S.S.G. § 4B1.2(2). Instead, he argues that the Sentencing Commission did not have the authority to extend career offender status to drug offenses not specifically listed in 28 U.S.C. § 994(h). Johnston, in essence, is making a statutory challenge to a guideline provision. However, we need not reach Johnston's argument because the guideline does not conflict with the statute as applied in this case.
 
 
 13
 Johnston pled guilty to a count of aviation smuggling in violation of 19 U.S.C. § 1509(a). Section 1509(a) makes it "unlawful for the pilot of any aircraft to transport, or for any individual on board any aircraft to possess, merchandise knowing, or intending, that the merchandise will be introduced into the United States contrary to law." Because this offense is substantially similar to the offense described in 21 U.S.C. § 955, Johnston's aviation smuggling offense counts under section 4B1.2 of the guidelines. See United States v. Sanchez-Lopez, 879 F.2d 541, 560 (9th Cir.1989); United States v. Cruz, 882 F.2d 922, 923-24 (5th Cir.1989). Accordingly, the district court erred in refusing to sentence Johnston as a career criminal offender.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3