**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 93-5225**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ALBERT JACKSON,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Louisiana**
_____

(May 30, 1994)

Before WISDOM and JONES, Circuit Judges, FITZWATER[*], District Judge.

EDITH H. JONES, Circuit Judge:

Albert Jackson was caught trafficking in cocaine but pled guilty to using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1988) and to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1988). Jackson was sentenced to the mandatory 60 months of imprisonment under § 924(c)(1) to be served consecutively with 54 months of imprisonment for the felon in possession

---

[*] District Judge of the Northern District of Texas, sitting by designation.

1

violation. Jackson appeals only his sentence on the felon in possession count. Because we agree that the district court erred in characterizing the defendant's prior state court conviction for burglary of a building as a "crime of violence" in calculating Jackson's base offense level under the Guidelines, we VACATE Jackson's sentence and REMAND to the district court for resentencing consistent with this opinion.

Jackson maintains that the district court erred in assigning him a base offense level of 20 because his prior state conviction for burglary of a building did not constitute a "crime of violence."[1] See U.S.S.G. § 2K2.1(a)(4). Under the Guidelines, a "crime of violence" is defined as:

> any offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is *burglary of a dwelling*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1) (emphasis added). The district court, responding to the defendant's objections to the presentence report, apparently read § 4B1.2 to include any *burglary* as a crime of violence. The court noted that "[t]he specific facts of

---

[1]    In relevant part, § 2K2.1 provides for a base offense level of 20 "if the defendant -- (A) had one prior felony conviction of either a crime of violence or a controlled substance offense ..." U.S.S.G. § 2K2.1(a)(4). Had the sentencing court correctly classified his prior burglary conviction, Jackson maintains that his base offense level would only have been 14, thereby resulting in a lesser sentence. See U.S.S.G. § 2K2.1(a)(6).

defendant's burglary do not change the classification as this as [sic] a crime of violence."   Id. at 289.

For his part, the appellant relies on the presentence report's description of his prior burglary conviction.  The report states that Jackson was convicted in Texas state court of *burglary of a building with intent to commit theft*.  Jackson was **not** convicted of burglary of a *dwelling*, which this court has previously held is a "crime of violence" under § 4B1.2(1).  See United States v. Flores, 875 F.2d 1110, 1113 (5th Cir. 1989).  Jackson also argues that the circumstances surrounding the burglary -- the suspects were found in the backyard of a vacant house from which they were trying to take parts from an air conditioning unit -- did not "involve[] conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. §4B1.2(1).

The government focuses on the fact that the building burglarized was a dwelling and urges that its lengthy vacancy does not detract from its characterization as a dwelling.  The government further argues that Jackson's conduct did pose a serious potential risk of physical injury "since any neighbor or passerby or even the owner could happen upon the crime."

This court will uphold a sentence imposed under the Guidelines so long as it is the product of a correct application of the Guidelines to factual findings which are not clearly erroneous. See United States v. Alfaro, 919 F.2d 962, 964 (5th Cir. 1990). Determination of legal principles are reviewed *de novo* and factual

3

findings for clear error. See <u>United States v. Mourning</u>, 914 F.2d 699, 704 (5th Cir. 1990).

In determining whether the offense is a "crime of violence," the guideline commentary emphasizes the conduct of which the defendant was <u>convicted</u>. <u>See</u> § 4B1.2 n.2; <u>see also Stinson v. United States</u>, 113 S.Ct. 1913, 1915 (1993) (holding that commentary in the Guidelines Manual "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with . . . that guideline."). Jackson's offense of conviction, burglary of a building with intent to commit theft, is distinguished under the Texas Penal Code from burglary of a habitation. A habitation is defined in relevant part by the Code as "a structure or vehicle that is *adapted* for the overnight accommodation of persons." Tex. Penal Code Ann. § 30.01(1) (1989) (emphasis added). By contrast, a building "means any enclosed structure *intended* for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." <u>Id.</u> at § 30.01(2) (emphasis added).

Relying on <u>Flores</u>, <u>supra</u>, this court has specifically held that the burglary of a habitation under Tex. Penal Code Ann. § 30.02 (1989) is a "crime of violence" for purposes of § 4B1.2. <u>See United States v. Cruz</u>, 882 F.2d 922, 923 (5th Cir. 1989). Critical to the conclusion in <u>Flores</u> and <u>Cruz</u> is the idea that "whenever a private residence is broken into, there is always a substantial risk that force will be used." <u>Flores</u>, 875 F.2d at 1113; <u>Cruz</u>, 882 F.2d at 923 (quoting <u>Flores</u>). However, when a

4

burglary of a building is involved, it cannot be said that there is *always* a substantial risk that force will be used. This proposition finds support in § 4B1.2 and accompanying commentary which specify only a "burglary of a dwelling" as a "crime of violence". In sum, the district court's apparent uniform treatment of burglaries as "crimes of violence" is incorrect.

While not constituting burglary of a dwelling, Jackson's conduct might still constitute a "crime of violence" if it presented "a serious potential risk of physical injury to another." The description of the burglary in the presentence report, however, dispels any such notion. <u>Cf. Flores</u>, 875 F.2d at 1112 (concluding that presentence report coupled with testimony from probation office employee was sufficiently reliable for district court to rely upon). The house had been vacant for seven years; Jackson was found in the backyard attempting to take some parts from an air conditioning unit. Notwithstanding the government's assertions that neighbors, passersby, or the owner were at risk, the report provides absolutely no facts upon which to base a conclusion that a serious potential risk of physical injury was posed to anyone.

Finally, the government's argument that the nature of the dwelling did not change by virtue of the seven year vacancy is unconvincing. Logically, whether by vacancy, physical deterioration, altered use, or otherwise, a point in time exists at which a dwelling loses its character as a residence and becomes a "mere" building. Texas criminal law recognizes the distinction by distinguishing burglary of a habitation and burglary of a building,

and Jackson was convicted of the lesser offense of burglary of a building. The district court therefore erred in considering Jackson's prior state court conviction for burglary of a building as a "crime of violence" for sentencing purposes.

Jackson raises two additional arguments that merit little attention. First, Jackson argues that the sentencing court erred in calculating his criminal history by adding two points for his Feb. 14, 1978 conviction for auto theft. Under the Guidelines, defendant's one-year sentence for auto theft must have been imposed "within ten years of the defendant's commencement of the *instant* offense" in order to be counted in the calculation of criminal history points. U.S.S.G. § 4A1.2(e)(2) (emphasis added). Jackson contends that his Feb. 14, 1978 sentence was not imposed within ten years of Nov. 29, 1991, the date on which he was arrested with the firearm in possession. Appellant defines "instant offense" to include only the offenses to which he pled guilty -- namely the firearms violations -- and to exclude the dismissed conspiracy and substantive drug offense counts.

We need not reach the merits of Jackson's argument. As the government correctly points out and as counsel for Jackson conceded at oral argument, even assuming that the guidelines were applied incorrectly, reducing Jackson's criminal history points from twelve to ten would leave him in the same criminal history category and would not affect his sentence. Any error in application is harmless.

6

Similarly meritless is Jackson's final argument. At the sentencing hearing, the government declined to file a "substantial assistance" motion notwithstanding their admission that Jackson had cooperated with DEA and Customs agents. See U.S.S.G. § 5K1.1. Appellant now argues his cooperation merited such a motion.

Jackson's argument is foreclosed by Wade v. United States, 112 S.Ct. 1840 (1992). In Wade, the Supreme Court held that district courts may review the government's refusal to file a substantial assistance motion and grant a remedy "if they find that the refusal was based on an unconstitutional motive." Id. at 1844. Significantly, the Court further concluded "that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. Jackson's claim is merely that his cooperation merited the motion. He makes no claim of unconstitutional motive, nor does he assert that the government breached its plea agreement, which committed to its sole discretion the decision whether to move for a downward departure.

For the foregoing reasons, we VACATE Jackson's sentence and REMAND to the district court for resentencing consistent with this opinion.

VACATED and REMANDED.

7