UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-10393
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE AYALA GUADARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____

(December 2, 1994)

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Jorge Ayala Guadardo (Ayala Guadardo) appeals his sentence imposed by the district court. We affirm.

**Facts and Proceedings Below**

Ayala Guadardo pleaded guilty to a one-count indictment charging him with illegal re-entry into the United States after deportation subsequent to a felony conviction in violation of 8 U.S.C. § 1326(b)(1). The factual resume signed by Ayala Guadardo at the time of his guilty plea recited:

"On July 6, 1990, the defendant, Jorge Ayala Guadardo, was convicted in the 291st District Court of

Dallas County, Texas for the offense of Burglary of a Habitation. He received a 10 year sentence.

On May 20, 1991, the defendant was released on parole. He was deported to El Salvador on June 19, 1991.

On December 28, 1993, the defendant was found in the United States at Dallas County, Texas. He had not obtained the consent of the Attorney General of the United States to reapply for admission into the United States."

The Presentence Report (PSR) recited that on July 6, 1990, Ayala Guadardo "was convicted of the offense of Burglary of a Habitation, in Harris County, and was sentenced to 10 years in TDC," and accordingly increased his offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(2) because he had been deported after a conviction of an aggravated felony. Ayala Guadardo filed an objection to the PSR contending that his 1990 Texas conviction for burglary of a habitation was not an aggravated felony and that therefore his base offense level should have been increased by only four levels. At the sentencing proceeding, the district court overruled Ayala Guadardo's objection and adopted the PSR. Ayala Guadardo then requested that the court look into the facts underlying his burglary conviction, which, he argued, should not have been classified as a crime of violence in the PSR. While raising these arguments, Ayala Guadardo has never denied that he was convicted of burglary of a habitation under the Texas Penal Code.[1]

---

[1] Although we do not have the record of Ayala Guadardo's burglary conviction before us, we find ample evidence to support the PSR's statement that he was convicted for burglary of a Habitation. In addition to the statement in the signed factual resume reciting his 1990 conviction for "Burglary of a Habitation," which he has never challenged or sought to withdraw, Ayala Guadardo's attorney stated at sentencing that his client had been convicted of burglary of a habitation and sought to

The district court refused to explore the facts surrounding Ayala Guadardo's burglary conviction and sentenced him to a sixty-month prison term, three years of supervised release, and a mandatory special assessment of fifty dollars. In this appeal, Ayala Guadardo argues that the district court erred in concluding that burglary of a habitation constitutes an aggravated felony under U.S.S.G. § 2L1.2(b)(2) and in refusing to consider in that respect the facts underlying his conviction for burglary of a habitation. We affirm.

## Discussion

We will uphold a sentence imposed under the guidelines unless it is imposed in violation of law, is the result of an incorrect application of the guidelines, or is an unreasonable departure from the applicable guideline range. 18 U.S.C. § 3742(e); *United States v. Anderson*, 5 F.3d 795, 798 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1118 (1994). Application of the guidelines is a question of law subject to *de novo* review. *United States v. Howard*, 991 F.2d 195, 199 (5th Cir.), *cert. denied*, 114 S.Ct. 395 (1993). We review the factual findings of the district court for clear error. *Id.*

U.S.S.G. § 2L1.2 provides for a sixteen-point increase in the base offense level "[i]f the defendant previously was deported after a conviction for an aggravated felony." *Id.* The definition of aggravated felony in Application Note 7 of the Commentary to section 2L1.1 includes "any crime of violence (as defined under 18

_____

explain the facts surrounding the conviction. Finally, Ayala Guadardo's brief filed with this Court again confirmed that "Appellant was convicted of burglary of a habitation and received 10 years confinement in T.D.C."

U.S.C. § 16, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years."  8 U.S.C. § 16 provides:

"The term `crime of violence' meansSQ

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

Ayala Guadardo argues that his conviction for burglary of a habitation under section 30.02 of the Texas Penal Code does not constitute a crime of violence under U.S.S.G. § 2L1.2.  We disagree.  We have held that burglary of a habitation under section 30.02 of the Texas Penal Code constitutes a crime of violence under 18 U.S.C. § 16.  *United States v. Cruz*, 882 F.2d 922 (5th Cir. 1989); *United States v. Flores*, 875 F.2d 1110 (5th Cir. 1989). *Cruz* and *Flores* both involved the application of the career offender provisions of U.S.S.G. § 4B1.1.[2]  At the time of sentencing in *Cruz* and *Flores*, U.S.S.G. § 4B1.2 stated that the term crime of violence "as used in this provision is defined under

---

[2]  U.S.S.G. § 4B1.1 reads:

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

4

18 U.S.C. § 16."[3]  Likewise, the term crime of violence as used in U.S.S.G. § 2L1.1 is defined under 18 U.S.C. § 16.  Accordingly, we find that *Cruz* and *Flores* govern the facts presented in this appeal.

In *Flores*, the defendant challenged the district court's finding that he was a career offender under U.S.S.G. § 4B1.1, arguing that his convictions for burglaries of habitations under the former Texas Penal Code of 1925 did not constitute crimes of violence.  We held that burglary of a habitation under the Texas Penal Code is a crime of violence under section 4B1.1.  *Flores*, 875 F.2d at 1113.  Noting that 18 U.S.C. § 16(b) defined crime of violence as any felony involving "a substantial risk that physical force against the person or property of another may be used," we reasoned that "[w]henever a private residence is broken into, there is always a substantial risk that force will be used."  *Id.*  We also observed that Application Note 1 of the Commentary to § 4B1.2 stated that the Commission interpreted crime of violence to include

---

[3]    Since those decisions, U.S.S.G. §  4B1.2 has been amended and now specifically lists the burglary of a dwelling as a crime of violence:

> "(1) The term `crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year thatSQ
>
>     . . .
>
>     (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. Appendix c, amendment 268.

5

a conviction for burglary of a habitation. *Id.*[4]

In *Cruz*, the defendant appealed his sentence on the ground that the district court erroneously classified him as a career offender under U.S.S.G. § 4B1.1. The defendant asserted that his prior conviction for burglary of a habitation under TEXAS PENAL CODE ANN. § 30.02 (Vernon 1979) did not qualify as a crime of violence under 4B1.1 because there was no evidence that he used or threatened to use force. *Cruz*, 882 F.2d at 923. Rejecting this argument as "meritless," *id.*, we applied *Flores* and held that Cruz's conviction for burglary of a habitation under TEXAS PENAL CODE ANN. § 30.02 qualified as a crime of violence under section 4B1.1 as the term is defined in 18 U.S.C. § 16. *Id.* Because *Flores* dictated that the defendant's conviction for burglary of a habitation was a crime of violence, the court in *Cruz* refused to consider the defendant's argument that he used no force or threats during the commission of the offense. Likewise, we find that Ayala Guadardo was convicted of a crime of violence, and, accordingly, we decline to look into the facts of this conviction. The clear import of the decisions in *Flores* and *Cruz* is that burglary of a habitation under the Texas Penal Code is always a crime of violence under the definition in 18 U.S.C. § 16, thus obviating the need for a district court to consider the factual context of such a conviction.

*United States v. Jackson*, 22 F.3d 583 (5th Cir. 1994),

---

[4]    Amendment 268 also changed the Commentary to 4B1.2. Application Note 2 of the revised Commentary now lists burglary of a dwelling as a crime of violence.

reinforces our conclusion that burglary of a habitation under the Texas Penal Code is a crime of violence. There, the district court assigned the defendant a base offense level of twenty under U.S.S.G. § 2K2.1(a)(4) because it found that his prior Texas conviction for burglary of a building was a crime of violence.[5] The district court apparently construed 4B1.2 to include any burglary as a crime of violence. This Court held that the district court erred in classifying the defendant's prior conviction for burglary of a building as a crime of violence. In reaching this result, the court reaffirmed its holdings in *Cruz* and *Flores*:

> "[T]his court has specifically held that the burglary of a habitation under Tex.Penal Code Ann. § 30.02 (1989) is a crime of violence for purposes of 4B1.2. Critical to the conclusion in *Flores* and *Cruz* is the idea that whenever a private residence is broken into, there is *always* a substantial risk that force will be used. However, when a burglary of a building is involved, it cannot be said that there is *always* a substantial risk that force will be used." *Jackson*, 22 F.3d at 585 (internal quotation marks and citations omitted) (emphasis added).

The court in *Jackson* emphasized the distinctions between burglary of a habitation and burglary of a building under the Texas Penal Code and reasoned that "[w]hile not constituting burglary of a dwelling, Jackson's conduct might still constitute a crime of violence if it presented a serious potential risk of physical injury to another." *Id.* (internal quotation marks omitted). The conclusion we draw from *Jackson* is that burglary of a habitation under section 30.02 of the Texas Penal Code is always a crime of violence, and therefore a sentencing court need not delve into the

---

[5]    Application Note 5 to 2K2.1 directs the reader to 4B1.2 for the definition of the term crime of violence.

facts underlying such a conviction. On the other hand, the burglary of a building does not always constitute a crime of violence, and thus the sentencing court may need to examine the facts underlying the conviction. Because Ayala Guadardo was convicted of burglary of a habitation, we hold that the district court correctly found that he had been convicted of a crime of violence and properly refused to look into the facts of his conviction for that purpose.

Finally, we find additional support for our holding in the Texas Penal Code provisions concerning burglary. The Texas burglary statute in effect since January 1, 1974, and at the time of Ayala Guadardo's 1990 sentencing distinguished between burglary of "a habitation" and burglary of "a building" other than a habitation by classifying the former as a felony of the first degree and the latter as a felony of the second degree. TEX. PENAL CODE ANN. § 30.02(c)-(d) (Vernon 1989).[6] This disparate treatment of the two offenses is consistent with our holding that the burglary of a habitation under the Texas Penal Code is *per se* a crime of violence under 18 U.S.C. § 16.

### Conclusion

For the foregoing reasons, the sentence imposed by the

---

[6]     Section 30.01(1) and (2) separately define "habitation" and "building." The same definitions are also contained in section 28.01(1) and (2).

A 1993 amendment to section 30.02 preserved the distinction between burglary of "a habitation" and burglary of a building. Under the revised statute, a burglary is a first degree felony if the premises are "a habitation" and "any party to the offense entered the habitation with intent to commit a felony other than felony theft." TEX. PENAL CODE ANN. § 30.02(d)(2) (Vernon 1994).

district court is

AFFIRMED.