IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41381
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE ROBERT SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-233
USDC No. C-96-CR-114-1
--------------------

October 20, 1999

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mike Robert Salinas, a federal prisoner (# 68915-079), appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his federal bank-robbery sentence. The district court granted Salinas a certificate of appealability on the issue whether "he was denied his constitutional right to effective assistance of counsel on the grounds that his attorney failed to adequately investigate his prior state court convictions." Two of these convictions were deemed "crimes of violence" under

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 4B1.2(a) and were used to deem Salinas a "career offender" and enhance his sentence under § 4B1.1.

Specifically, Salinas is contending that his trial attorney should have challenged the court's use of a 1987 guilty-plea conviction for attempted burglary; he asserts that the 1987 conviction was not for attempted burglary of a "dwelling" but of a vacant apartment.  Because Salinas' Presentence Report indicated that he had attempted to burglarize "a habitation owned by" a particular person, and because there is no indication in the record that Salinas ever informed his attorney or the court that such "habitation" was vacant, the attorney did not perform deficiently by failing to argue that such offense was not a "crime of violence" for "career offender" purposes.  See Strickland v. Washington, 466 U.S. 668, 687-89 (1984); cf. United States v. Jackson, 22 F.3d 583, 584-85 (5th Cir. 1994) (burglary of house that had been vacant for seven years was not burglary of a "dwelling" and was thus not a "crime of violence" for "career offender" purposes).  Accordingly, Salinas has not shown that his attorney performed ineffectively, and the district court's denial of his § 2255 motion is AFFIRMED.

AFFIRMED.