United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41230
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

MARTY RAMIREZ

                    Defendant - Appellant

                --------------------
       Appeal from the United States District Court
          for the Southern District of Texas
               USDC No. 6:04-CR-13-ALL
                --------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Marty Ramirez appeals following his guilty plea to the

offense of felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1).  Ramirez argues that the district court

misapplied the sentencing guidelines when determining his offense

level based on his prior convictions.  He contends that his

previous Texas conviction for burglary of a habitation is not a

crime of violence for purposes of U.S.S.G. §§ 2K2.1(a)(2) and

4B1.2(a).  Because Ramirez did not object to the district court's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the guidelines, review is for plain error.  See
United States v. Garcia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).
The district court did not plainly err by concluding that
Ramirez's prior conviction was a crime of violence.  See United
States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996); United
States v. Cruz, 882 F.2d 922, 923 (5th Cir. 1989).

Ramirez next contends that his sentence is invalid in light
of United States v. Booker, 125 S. Ct. 738 (2005), because the
district court sentenced him under a mandatory application of the
sentencing guidelines.  Because Ramirez did not raise this issue
in the district court, we review it only for plain error.  United
States v. Valenzuela- Quevedo, __F.3d__, No. 03-41754, 2005 WL
941353, *3 (5th Cir. 2005).  To prevail under a plain error
analysis, Ramirez must show, among other things, that the error
prejudiced him by adversely affecting his substantial rights.
Id. at *3-*4.  The record does not suggest that Ramirez's
sentence would have been any less had the court applied the
sentencing guidelines as advisory rather than mandatory.  See id.
at *4.  Ramirez thus fails to establish prejudice to his
substantial rights.  See id.

Ramirez further argues that 18 U.S.C. § 922(g)(1) is not
narrowly tailored in light of the interplay of the Second
Amendment and the regulation of interstate commerce under the
Commerce Clause, is overly broad, and unevenly burdens a
fundamental right in violation of equal protection.  He

acknowledges that his arguments are foreclosed by this court's decision in <u>United States v. Darrington</u>, 351 F.3d 632 (5th Cir. 2003), <u>cert.</u> <u>denied</u>, 124 S. Ct. 2429 (2004), but has raised the issue to preserve it for possible review by the Supreme Court.

Finally, Ramirez argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. He argues that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some point in the past. Ramirez raises these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, they are foreclosed by existing Fifth Circuit precedent. <u>See</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.