887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellant,
v.
James McQUERRY, Defendant-Appellee.
 No. 89-5079.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1989.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, United States of America (government), has appealed from the district court's calculation of defendant-appellee, James McQuerry's (McQuerry), sentence under the newly enacted federal sentencing guidelines.
 
 
 2
 On September 8, 1988, McQuerry, who was serving a five year sentence for the distribution of cocaine at the Federal Corrections Institute, Memphis, Tennessee, plead guilty to one count of aiding and abetting in possession, with intent to distribute, marijuana in violation of 21 U.S.C. Sec. 841(a)(1). As a result of his instant conviction, and after considering his two previous adult felony convictions, the first of which was an Arizona state conviction on November 14, 1978 for selling marijuana and a second separate conviction which occurred approximately seventeen months later on April 14, 1980, in the United States District Court of Arizona for the distribution of cocaine, the United States Probation Office recommended that McQuerry be characterized as a "career offender" pursuant to Sec. 4B1.1 of the federal sentencing guidelines.
 
 
 3
 The district court, however, determined that the two prior felonies were related, and consequently, it refused to apply the career offender provisions to McQuerry in calculating his sentence. As a result, the district court, on December 15, 1988, sentenced McQuerry to thirteen months imprisonment and a two year term of supervised release.
 
 
 4
 On appeal, the government has argued that the district court erred by not invoking the career offender provision of the sentencing guidelines in sentencing McQuerry. The government contended that the two prior felonies relied upon by the probation officer in the presentencing report were separate and distinct offenses which were not related.
 
 
 5
 On appellate review, findings of fact that underlie the district court's sentence are reviewed under a clearly erroneous standard. 18 U.S.C. Sec. 3742(d); United States v. Wilson, No. 88-6086, Slip op. at 3 (6th Cir. June 29, 1989); United States v. Perez, 871 F.2d 45 (6th Cir.) cert. denied, 57 U.S.L.W. 3842 (1989). A sentence imposed by an incorrect application of the facts to the sentencing guidelines shall be reversed and remanded for further sentencing proceedings. 18 U.S.C. Sec. 3472(e); see also United States v. Velasquez-Mercado, 872 F.2d 632 (5th Cir.1989).
 
 
 6
 "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4B1.1; see also United States v. Sanchez-Lopez, Nos. 88-3102/3104/3105, Slip Op. (9th Cir. June 22, 1989); United States v. Flores, 875 F.2d 1110, 1111 (5th Cir.1989).
 
 
 7
 In the case at bar, since McQuerry was more than 18 years of age at the time of the instant felony drug conviction and since his two prior drug convictions were separate and unrelated offenses, the district court erred by not applying the "career offender" provision to McQuerry. Section 4B1.2(3) provides that, for purposes of the career offender provision, the term "two prior felony convictions" is defined to include only separate, distinct and unrelated convictions for purposes of Part A of Chapter 4. Section 4A1.2(a)(2), in turn, provides that prior sentences imposed in unrelated cases are to be counted separately. Application Note No. 3 of the commentary to Section 4A1.2 defines and explains when cases are related:
 
 
 8
 Related Cases: Cases are related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 9
 Application Note 3, Sec. 4A1.2; see also Flores, 875 F.2d at 1113.
 
 
 10
 The November 1978 state drug conviction and the 1980 federal cocaine conviction are two separate and unrelated offenses. The 1978 and 1980 convictions did not occur on a single occasion, they were not part of a single common scheme or plan, nor were they consolidated for trial or sentencing. Accordingly, the district court erred in concluding that the 1978 and 1980 offenses were related.
 
 
 11
 McQuerry has also argued that the district court's sentence should, nevertheless, be affirmed because, under the sentencing guidelines, a prior felony cannot be counted in activating the career offender provision of the sentencing guidelines if that conviction had not occurred within the ten year period immediately next preceding the instant offense.
 
 
 12
 Under the sentencing guidelines, a prior sentence, which did not exceed one year and one month, is counted for the "career offender" provision if it had been imposed within 10 years of the commencement of the instant offense. Section 4A1.2(e) of the sentencing guidelines provides in pertinent part:
 
 
 13
 (e) Applicable Time Period
 
 
 14
 (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month that resulted in the defendant's incarceration during any part of such fifteen-year period.
 
 
 15
 (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
 
 
 16
 (3) Any prior sentence not within the time periods specified above is not counted.
 
 
 17
 On November 14, 1985, McQuerry had been sentenced to 90 days imprisonment and five years probation for the felony of possession of marijuana with the intent to distribute. Since McQuerry committed the instant offense in July of 1988, it was within 10 years of the imposition of his state felony conviction on November 14, 1978. Consequently, the district court erred by not applying the "career offender" provision in the calculation of McQuerry's sentence pursuant to the federal sentencing guidelines.
 
 
 18
 Accordingly, pursuant to 18 U.S.C. Sec. 3742(e), the sentence imposed by the district court is REVERSED and this matter is REMANDED for further proceedings in conformity with this opinion.
 
 
 
 *
 The Honorable Wendell A. Miles, United States Senior District Judge for the Western District of Michigan, sitting by designation