920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Larry Joe SMITH, Defendant/Appellant.
 No. 90-2242.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 7, 1990.*
Decided Dec. 12, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Defendant-appellant Smith pled guilty to bank robbery in violation of 18 U.S.C. Secs. 2 and 2113(a) and (d) and the use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. Sec. 924(c). Smith received a seventeen and a half year sentence for the bank robbery and a consecutive five year sentence for using a firearm during the commission of a violent crime. The only question on appeal is whether the district court properly considered Smith a "career offender" under Sec. 4B1.1 of the Sentencing Guidelines.
 
 
 2
 At Smith's sentencing hearing, the district court found that Smith's three prior robbery convictions in state court were not related offenses because the crimes took place on three separate occasions, in three separate locations, with three separate victims and Smith had a separate mens rea for each crime. (Tr. Vol. 1 p. 27). The district court also found that the three sentences were not consolidated despite the fact that during sentencing each judge referred to the other convictions and pending sentences. (Tr. Vol. 1 p. 28).
 
 
 3
 On appeal, Smith argues that the three convictions were "related" under the Sentencing Guidelines Sec. 4A1.2(a)(2), as defined by Application Note 3, because they were part of a "common scheme or plan". He contends that each offense was a gas station robbery, the crimes took place within five days of each other, he was arrested once for all three offenses and he was influenced by drugs while committing each crime. Additionally, Smith argues that because each state sentencing judge made reference to the other sentences during his sentencing, the three sentences should be construed to be consolidated under Application Note 3 to Sec. 4A1.2.
 
 
 4
 This court reviews a district court's findings of fact underlying sentencing under a clearly erroneous standard. 18 U.S.C. Sec. 3742(e); United States v. Jordan, 890 F.2d 968, 972 (7th Cir.1989). The Sentencing Guidelines direct a court considering whether a defendant has the requisite two prior convictions to qualify for "career offender" status to look to the definitions of "related cases" in Application Note 3 to Sec. 4A1.2. Sentencing Guidelines, Sec. 4B1.2, Application Note 4. There, "related cases" are defined as crimes that are "... (2) part of a single scheme or plan or (3) were consolidated for trial or sentencing."
 
 
 5
 Despite his contention that the three robberies were part of a common scheme or plan, Smith concedes that he robbed three gas station attendants at three different gas stations on three separate days. The district court found that while Smith committed all three robberies within a five day span, the first robbery was committed four days prior to the next robbery and the third robbery was committed the day after the second robbery. (Tr. Vol. 1 p. 11).
 
 
 6
 Given these facts, we can not conclude that the district court was clearly erroneous in finding that the three robberies were not part of a single scheme or plan because a separate plan was required to commit the same crime at a separate location on distinct occasions. See United States v. Jones, 899 F.2d 1097, 1101 (11th Cir.), cert. denied 111 S.Ct. 275 (1990) (two bank robberies with two victims occurring within one and one half hours were temporally distinct and not part of a common scheme or plan). Here, Smith's crimes were not separated by a matter of hours but by days. But see United States v. Houser, 1990 U.S.App. Lexis 18236 (9th Cir. October 18, 1990) (District court erred in considering defendant "career offender" where evidence presented indicated that he was charged with two separate offenses only because two drug sales took place in separate counties). Smith's crimes were separated by time as well as by geography.
 
 
 7
 Further, while the sentences were ordered to run concurrently, the three sentences were not consolidated. It was therefore not clearly erroneous for the district court to decline to construe the sentences as consolidated. Smith's case is similar to that of the defendant in United States v. Wildes, 910 F.2d 1484 (7th Cir.1990), who was sentenced by two state judges on two separate occasions. While the defendant in Wildes contended that he requested consolidated sentencing, his cases were never consolidated by the sentencing courts. Similarly, while Smith argues that the practical result of each sentencing judge ordering his sentence to run concurrently to the other sentences was consolidation, these cases were not consolidated.
 
 
 8
 In fact, Smith concedes that a sentence is not consolidated under the Sentencing Guidelines merely because it is to run concurrent to another sentence. Therefore, the district court was not clearly erroneous in treating Smith's robbery sentences as separate convictions and not consolidated for sentencing. Smith's sentences are not "related" under Sec. 4A1.2 of the Sentencing Guidelines, Wildes 910 F.2d at 1492; United States v. Jones, 899 F.2d at 1101; United States v. Flores, 875 F.2d 1110, 1114 (5th Cir.1989), and therefore not a single conviction for purposes of Sec. 4B1.1(3) and we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs