925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Scott FIORITO, Defendant-Appellant,
 No. 90-2219.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 30, 1991.
Decided Feb. 15, 1991.
 
 Before BAUER, Chief Circuit Judge, and WOOD, JR., and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Michael Scott Fiorito pleaded guilty to making false statements to a federal bank, attempting to execute a scheme to defraud a financial institution, and counterfeiting. The district court sentenced him to concurrent terms of imprisonment of fifty-eight months on the first two offenses and to a three-year period of supervised release on the third. Fiorito then filed this direct criminal appeal. He contests the district court's application of the Sentencing Guidelines. Specifically, the issue is whether the district court correctly determined that two prior 1986 cases were not "related" and counted them separately in calculating Fiorito's criminal history score.
 
 
 2
 On June 2, 1986, the Circuit Court of Cook County sentenced Fiorito to four years' imprisonment for several offenses. On June 16, 1986, the Circuit Court for DuPage County sentenced Fiorito to five years' imprisonment for several other offenses.[1] The Circuit Court of DuPage County ordered this sentence to run concurrent to the sentence imposed on the Cook County convictions. It is unclear from the record exactly what Fiorito was charged with in each county other than that the charges stemmed from a series of burglaries in Cook, DeKalb, and DuPage counties.
 
 
 3
 At sentencing in this case, Fiorito argued that the June 2, 1986 and June 16, 1986 cases were "related" under Guideline 4A1.2(a)(2)[2] and that therefore he should receive only three criminal history points for the sentences imposed in each case. The district court disagreed. It noted that there was no formal order of consolidation and stated that the fact that the sentences were to run concurrently was not enough to make the cases related. The court then imposed three criminal history points for the June 2, 1986 sentence, three for the June 16, 1986 sentence and three for a 1989 sentence for a burglary conviction. This gave Fiorito a total of nine criminal history points. The practical effect of giving Fiorito six points versus three points for the June 2, 1986, and the June 16, 1986 sentences was to place him in a criminal history category of five instead of four which increased the corresponding sentencing range from 41-51 months to 51-63 months.
 
 
 4
 Application Note 3 to section 4A1.2 defines "related cases" as including those which "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." As for (1), Fiorito makes no argument. As for (2), Fiorito states: "[The 1986 cases] were also part of a common scheme or plan (a series of burglaries occurring on successive dates)." This is the extent of his argument on this point, and he provides no case citations. This is inadequate to raise the issue on appeal. See Bob Willow Motors, Inc. v. General Motors Corp., 872 F.2d 788, 795 (7th Cir.1989).
 
 
 5
 As for (3), Fiorito contends that he falls within its spirit even though there was no formal order consolidating the June 2, 1986, and the June 16, 1986 cases for trial or sentencing. Fiorito argues that it was merely a mistake of geography that prevented his June 2, 1986, and June 16, 1986 cases from being formally consolidated. He argues that the cases were factually related, that DeKalb county dismissed the charges because it recognized the duplication of charges, that counsel worked out a plea agreement jointly with the authorities in Cook and DuPage counties, and that the sentencing judge in DuPage County intended to consolidate the cases by imposing a concurrent sentence. The cases were not, in fact, consolidated, and Fiorito's argument pointing out how the cases were handled does not change this. The sentences were imposed by two different judges in two different jurisdictions on two different occasions. This is dispositive. See United States v. Wildes, 910 F.2d 1484, 1487 (7th Cir.1990). The mere fact that Fiorito received concurrent sentences does not make the cases related. See United States v. Smith, 905 F.2d 1296, 1303 (9th Cir.1990); United States v. Flores, 875 F.2d 1110, 1114 (5th Cir.1989). The district court did not commit error when it refused to treat the cases as consolidated for sentencing and therefore related. Fiorito's sentence is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Although both the June 2, 1986, and the June 16, 1986 sentencings involved several offenses, we will collectively refer to these as the June 2, 1986 case or sentence, and the June 16, 1986 case or sentence, respectively
 
 
 [2]
 Sentencing Guidelines 4A1.2(a)(2) provides in part that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of criminal history." Sentencing Guideline 4A1.1(a) directs a sentencing court to "add three points for each prior sentence of imprisonment exceeding one year and one month," in calculating a criminal history score