937 F.2d 603
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry BURKES, a/k/a Gary Burkes, Defendant-Appellant.
 No. 90-5706.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided July 3, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-89-205)
 Mary Jo Allen, Kay, Casto, Chaney, Love & Wise, Charleston, W.V., for appellant.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.V. (Argued), for appellee; Michael W. Carey, United States Attorney, Charleston, W.V., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Burkes appeals his sentence as a career offender under the sentencing guidelines. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1989). He claims the district court erred in refusing to treat two prior convictions as related offenses for sentencing purposes. Finding no error, we affirm.
 
 I.
 
 2
 Burkes was convicted of distribution of and possession with the intent to distribute cocaine base. 21 U.S.C.A. Sec. 841(a)(1) (West 1981). His presentence report revealed that Burkes had two prior state court convictions for drug-related offenses. Burkes had been arrested by Norwalk City Police on February 1, 1989 in Norwalk, Connecticut for possession and sale of narcotics. Approximately six weeks later, on March 15, 1989, Burkes was arrested by Connecticut State Police in Meriden, Connecticut, again for sale of narcotics. The district court held that these two convictions qualified Burkes as a career offender. The resulting sentencing guidelines range was 360 months to life imprisonment. Determining that the career offender criminal history category overstated Burkes' criminal history, the district court departed downward and sentenced Burkes to 210 months imprisonment. The government did not appeal this determination.
 
 II.
 
 3
 A career offender is a defendant who "was at least eighteen years old at the time of the instant offense," is being sentenced for "a felony that is either a crime of violence or a controlled substance offense, and ... has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. Sec. 4B1.1. Burkes argues that his two prior felony convictions are related and should be counted as one sentence. U.S.S.G. Sec. 4A1.2(a)(2). If these offenses were combined, Burkes would not qualify as a career offender.
 
 
 4
 Offenses are "related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. Sec. 4A1.2, comment. (n. 3). Burkes argues that his prior offenses were part of a common scheme. He claims a similar modus operandi and notes that both offenses were for possession or distribution of narcotics, that both offenses occurred in Connecticut, that the offenses occurred within six weeks of each other, that he purchased the drugs involved in both offenses from the same supplier in New York, and that his sentence for the second offense was to run concurrent with the sentence for the first offense although it was one year longer. These factors fail to qualify Burkes' offenses as part of a common scheme.
 
 
 5
 A similar modus operandi is insufficient to demonstrate a common scheme. United States v. Davis, 922 F.2d 1385, 1389 (9th Cir.1991). A relation between offenses is not probable when the offenses occurred on different dates and in different jurisdictions. United States v. Rivers, 929 F.2d 136 (4th Cir.1991); cf. United States v. Jones, 899 F.2d 1097, 1101 (11th Cir.) (offenses of bank robbery and attempted bank robbery occurring approximately 90 minutes apart and involving different banks not related for purposes of career offender determination), cert. denied, 111 S.Ct. 275 (1990). Although the prior offenses occurred within the same state, they were investigated and prosecuted by separate law enforcement divisions having distinct jurisdictions. These facts suggest unrelated incidents. See Rivers, 929 F.2d at 140 (rejecting reasoning of district court that "only an accident of geography" prevented consolidation of offenses that occurred in close proximity). Burkes did purchase the cocaine base involved in both prior offenses from the same supplier, but used other suppliers during the intervening six weeks. This variance in procedure contradicts his argument that these offenses were part of an ongoing, single scheme with his New York supplier. Finally, concurrent sentences do not necessarily indicate a relation between two offenses. See United States v. Flores, 875 F.2d 1110, 1114 (5th Cir.1989). Considering all circumstances surrounding Burkes' prior offenses, we do not find that they were "related" within the meaning of U.S.S.G. Sec. 4A1.2(a)(2). We affirm the holding of the district court that Burkes qualifies as a career offender.
 
 III.
 
 6
 Burkes' contention that his trial counsel was ineffective is more appropriately raised in a habeas corpus proceeding under 28 U.S.C.A. Sec. 2255 (West 1971), and we decline to address it on direct appeal. See United States v. Fisher, 477 F.2d 300 (4th Cir.1973). Burkes' argument regarding the finding of the district court that Burkes obstructed justice by using an alias is moot because no enhancement to his sentence was applied.
 
 
 7
 AFFIRMED.