68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby REDDICK, Defendant-Appellant.
 No. 94-2247.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1995.
 
 1
 E.D.Mich., No. 94-20021; Robert H. Cleland, District Judge.
 
 
 2
 E.D.Mich.
 
 
 3
 AFFIRMED.
 
 ORDER
 
 4
 Bobby Reddick brings an appeal from a criminal conviction in which the only issue raised goes to the calculation of his guideline sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1994, Bobby Reddick was named in a one count indictment for an attempted bank robbery, in violation of 18 U.S.C. Sec. 2113(a). Reddick agreed to plead guilty to the indictment and the district court subsequently accepted the plea. The court sentenced Reddick to a 175 month term of imprisonment. This appeal followed.
 
 
 6
 On May 3, 1994, Reddick entered the Second National Bank of Saginaw, Atwater Branch, Saginaw, Michigan, and handed one of the tellers a note. The note instructed the teller to "[p]ut the money on the desk or die now." The teller did not immediately comply but instead engaged Reddick in conversation. Reddick soon abandoned the enterprise and fled the bank. Reddick was thereafter identified and apprehended a few days later. Reddick's ensuing plea agreement did not specify a specific sentence, but did contemplate that Reddick be fully credited for accepting responsibility and that Reddick be sentenced at no more than the upper limit of the appropriate guideline range.
 
 
 7
 Reddick's guideline base offense level was originally calculated at level 18. This figure included a three level downward adjustment under USSG Sec. 2X1.1(b)(1) (attempt) and a three level downward adjustment under USSG Sec. 3E1.1(a) and (b)(2) (acceptance of responsibility). Reddick's extensive criminal record, however, brought him within the definition of a career offender under USSG Sec. 4B1.1(C). His base offense level was thus enhanced to level 32. He once again received the benefit of the three level downward adjustment for acceptance of responsibility, but not the downward adjustment for an attempt. Reddick's final base offense level was 29 with a criminal history of VI. This placed his guideline range at 151-188 months.
 
 
 8
 Counsel for Reddick objected at sentencing to the calculation of the base offense level on public policy grounds. Specifically, he maintained that the three level downward attempt adjustment should be factored into the equation only after it is determined that a defendant is a career offender under Sec. 4B1.1. The result of this, of course, would be a base offense level of 26 and a lower guideline range of 120-150 under the applicable version of the guidelines. The court rejected this contention and sentenced Reddick to a 175 month term of imprisonment.
 
 
 9
 Counsel for Reddick reasserts his sentencing argument in the present appeal. He concedes the lack of statutory or other authority, but continues to argue that public policy dictates that Reddick be given the benefit of the three level downward adjustment. Neither party to this appeal cites the court to any direct authority.
 
 
 10
 This court renders de novo review of a district court's guideline sentence decision where, as here, the only error alleged is the application of a particular guideline to uncontested facts. United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). The plain language of the guidelines, as well as every decision located, mandates an affirmance under this standard.
 
 
 11
 Reddick's position is not supported by the guidelines. The methodology for calculating a defendant's base offense level is set forth at USSG Sec. 1B1.1. The sentencing court is clearly required to calculate a base offense level with reference to the offense conduct (Chapter Two) and the relevant adjustments (Chapter Three), before proceeding to any applicable adjustments in Chapter Four. The attempt adjustment is found in Chapter Two, Sec. 2X1.1(b)(1), and the acceptance of responsibility adjustment is found in Chapter Three, Sec. 3E1.1(a) and (b)(2). The career offender enhancement is located in Chapter Four, Sec. 4B1.1. There is no provision for revisiting Chapter Two and Three adjustments; there is only the explicit recognition in Sec. 4B1.1 of a downward adjustment for acceptance of responsibility. Courts follow the unambiguous language of the guidelines absent a discernable manifestation of contrary intent. United States v. Wong, 3 F.3d 667, 670 (3d Cir.1993).
 
 
 12
 Reddick's position likewise finds no support in relevant case law. As noted, the downward adjustment sought is in Chapter Two of the guidelines while the career offender enhancement is found in Chapter Four. Courts have uniformly held that Chapter Four enhancements are not subject to downward adjustments from previous Chapters absent express authority to the contrary. United States v. Samuels, 970 F.2d 1312, 1316 (4th Cir.1992); United States v. Thomas, 894 F.2d 996, 997 (8th Cir.) (per curiam), cert. denied, 495 U.S. 909 (1990); United States v. Cruz, 882 F.2d 922, 924-26 (5th Cir.1989); United States v. Huff, 873 F.2d 709, 713-14 (3d Cir.1989); United States v. Alves, 873 F.2d 495, 497-98 (1st Cir.1989). The appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgment is affirmed.