ORDER AND JUDGMENT*
MARY BECK BRISCOE, Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. RApp. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.
Defendant Oscar Ortuno-Caballero pled guilty to illegal reentry after deportation subsequent to a felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(1), and was sentenced to a term of imprisonment of 46 months. Defendant now appeals, challenging the reasonableness of his sentence. The United States asserts that the district court erred in computing defendant’s sentencing guideline range, and that its error was plain error requiring our remand for resentencing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and, for the reasons outlined below, we remand with directions to vacate defendant’s sentence and resentence.
I.
On January 12, 2005, defendant was taken into custody by a United States Border Patrol agent in the State of New Mexico. Defendant admitted he was a citizen of Mexico and had entered the United States illegally. A subsequent records check revealed that defendant had previously been convicted in the State of Colorado for attempted first degree criminal trespass of a dwelling and, subsequent to that conviction, had been deported.
On January 14, 2005, a criminal complaint was filed against defendant in federal court charging him with illegal reentry. On March 21, 2005, defendant pled guilty to one count of illegal reentry after deportation subsequent to a felony conviction (i.e., his prior Colorado state conviction) in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(1). On June 16, 2005, the district court sentenced defendant to a term of imprisonment of 46 months. In doing so, the district court applied a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), *816 imposed a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(l)(A) on the grounds that defendant’s prior Colorado state conviction constituted a “crime of violence,” and then granted defendant a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Together with defendant’s criminal history category of III, this resulted in a Guideline range of 46-57 months. Although the district court rejected defendant’s request to impose a sentence below the Guideline range, it ultimately imposed a sentence at the very bottom of the Guideline range.
II.
On appeal, defendant challenges the length of his sentence, arguing, in pertinent part, that the 16-level enhancement imposed by the district court under U.S.S.G. § 2L1.2(b)(l)(A) was unreasonable. The government, in response, concedes the district court erred in imposing the 16-level enhancement and asks that we remand for resentencing. For the reasons discussed below, we agree that defendant is entitled to be resentenced.

Standard of review

Generally speaking, “we are required,” consistent with the Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “to review district court sentencing decisions for ‘reasonableness.’ ” United States v. Cage, 451 F.3d 585, 591 (10th Cir.2006). “Reasonableness has both procedural and substantive components.” Id. (citing United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir.2006)). “To be reasonable, a sentence must be ‘reasoned,’ or calculated utilizing a legitimate method.” Id. “As such, sentences based on miscalculations of the Guidelines are considered unreasonable because ‘the manner in which [they were] determined was unreasonable.’ ” Id. (quoting Kristi, 437 F.3d at 1055).
Because, however, defendant did not challenge the district court’s application of § 2L1.2(b)(l)(A) at the time of sentencing, we must review the district court’s decision under a plain error standard.[1] See United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir.2006). “Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. at 1222 (internal quotation marks omitted).

Enhancement under § 2Ll.2(b)(l)(A)

Section 2L1.2(a) of the United States Sentencing Guidelines requires a sentencing court to impose a base offense level of 8 for any defendant convicted of illegally reentering the United States. If the defendant previously was deported after having been convicted of certain crimes, § 2L1.2(b)(l) requires a sentencing court to impose an enhancement of from 4 to 16 levels, depending upon the nature of the prior conviction(s). Here, the district court concluded that defendant’s prior Colorado state conviction for attempted first degree criminal trespass of a dwelling qualified as a “crime of violence” under § 2L1.2(b)(l)(A), and thus warranted a 16-level enhancement to defendant’s base offense level.
*817 The term “crime of violence,” as used in § 2L1.2(b)(l)(A), is defined as:
[A]ny of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.
U.S.S.G. § 2L1.2, cmt. n. l(B)(iii) (2004).
In characterizing defendant’s prior Colorado state conviction as a “crime of violence,” the probation officer who prepared the presentence report, and in turn the district court, offered what appears to have been two alternative rationales. First, they concluded that defendant’s pri- or Colorado state conviction effectively constituted a “burglary,” and thus fell within the list of crimes specifically enumerated in the above definition. Second, and alternatively, they concluded that our decision in United States v. Venegas-Ornelas, 348 F.3d 1273 (10th Cir.2003), supported treating defendant’s prior Colorado state conviction as a “crime of violence.”
We reject both of these rationales. To begin with, nothing in the definitional language quoted above indicates, either expressly or implicitly, that a prior conviction for criminal trespass can reasonably be treated as a “burglary” for purposes of applying the “crime of violence” enhancement. Moreover, it appears well-accepted that criminal trespass is a crime distinct from burglary. See 12A C.J.S. Burglary § 2 (2005) (noting that “[cjriminal trespass has been distinguished from burglary in that criminal trespass may be upon vacant property, but burglary is limited to entry of a structure or other specified enclosure,” and that burglary includes “the aggravating factor [of] the trespasser’s intent to commit a separate crime.”).
Nor does our decision in Venegas-Omelas support treating defendant’s prior conviction as a “crime of violence” under § 2L1.2(b)(l)(A). In that case, we were asked to determine whether the defendant’s prior conviction under Colorado law for first degree criminal trespass of a dwelling qualified as an “aggravated felony” for purposes of § 2L1.2(b)(l)(C). In concluding that it did, we determined that the conviction qualified as a “crime of violence” under 18 U.S.C. § 16 because it created a substantial risk that physical force would be used against the residents or property in the dwelling. 348 F.3d at 1276. Importantly, however, the term “crime of violence” “is defined more narrowly in § 2L1.2[(b)(l)(A)] than in [18 U.S.C. § 16] because the definition does not encompass acts involving the use of force against property or acts that merely pose a risk of harm to another person.” Jaimes-Jaimes, 406 F.3d at 849. Thus, our conclusion in Venegas-Omelas that the crime of first degree criminal trespass of a dwelling under Colorado law qualifies as a “crime of violence” for purposes of 18 U.S.C. § 16 does not mean that the same crime (or, more appropriately, a conviction for attempted first degree criminal trespass of a dwelling) qualifies as a “crime of violence” for purposes of § 2L1.2(b)(l)(A).
Because defendant has not been convicted of any of the crimes specifically enumerated in the first portion of § 2L1.2(b)(l)(A)’s “crime of violence” definition, the only way he could be subjected to the 16-level enhancement thereunder is if his prior Colorado state conviction for attempted first degree criminal trespass of a dwelling “ha[d] as element the use, attempted use, or threatened use of physical force against the person of another.” In Venegas-Omelas, we noted that, to be convicted under Colorado law of first degree criminal trespass of a dwelling, it must be established that the defendant *818 “(1) knowingly, (2) unlawfully, (3) entered or remained (4) in the dwelling of another.” 348 F.3d at 1276. Because defendant’s conviction was for attempted first degree criminal trespass of a dwelling, it would have included the additional elements of (1) the intent to commit the crime of first degree criminal trespass of a dwelling, and (2) having engaged in conduct constituting a substantial step toward the commission of that crime. See Colo. Jury Instr., Criminal 8:01 Criminal Attempt (1993). It is apparent that none of these elements required the State of Colorado to prove that the defendant used, attempted to use, or threatened to use physical force against the person of another. Indeed, none of these elements required the State of Colorado to even prove that another person was present in the dwelling at issue. Accordingly, we conclude that the district court erred in treating defendant’s prior conviction as a “crime of violence” for purposes of § 2L1.2(b)(l)(A).
Before we may exercise our discretion to correct the district court’s error, we must conclude that the district court’s error was plain, that it affected defendant’s substantial rights, and that it seriously affected the fairness, integrity or public reputation of judicial proceedings. With respect to this first question, we readily conclude that the district court’s error was plain. In Olmo, the Supreme Court held that “ ‘[pjlain’ is synonymous with ‘clear’ or, equivalently, ‘obvious.’ ” 507 U.S. at 734, 113 S.Ct. 1770. Here, there is simply no doubt that defendant’s prior conviction fails to qualify as a “crime of violence” under § 2L1.2(b)(l)(A), and the government concedes as much. With respect to the second question, we conclude that the district court’s error affected defendant’s substantial rights because the imposition of the 16-level enhancement, rather than what appears to have been the more appropriate 8-level enhancement under § 2L1.2(b)(l)(C) for having previously been convicted of an “aggravated felony,” caused his Guideline range to increase from 18 to 24 months to 46 to 57 months. Finally, with respect to the third question, we conclude that the district court’s error seriously affected the fairness of defendant’s sentencing proceedings. In particular, we conclude there is more than a reasonable probability that the district court’s error led to a substantially higher sentence than would have been imposed had defendant’s Guideline range been properly calculated.
We REMAND with directions to the district court to vacate defendant’s sentence and resentence.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. The government does not assert that defendant waived this challenge, nor do we conclude that he did. See generally United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.”). Rather, "[w]e conclude that [defendant]^ failure to object to the 16-level adjustment resulted from an oversight by defense counsel and was therefore accidental rather than deliberate.” United States v. Jaimes-Jaimes, 406 F.3d 845, 848 (7th Cir.2005).