**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 26, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO OCON-ESTRADA,

    Defendant - Appellant.

No. 06-2326
(D.C. No. CR-06-1244 BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Pedro Ocon-Estrada entered a guilty plea to one

charge of illegal reentry of an alien after deportation for a conviction of an

aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  As a result, the

district court sentenced him to thirty months' imprisonment and two years'

supervised release.  Mr. Ocon-Esrada appeals, arguing that the thirty-month

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

sentence is unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

Mr. Ocon-Estrada was arrested by a federal agent on March 22, 2006 and was charged with being illegally present in the United States subsequent to deportation for an aggravated felony conviction. He pleaded guilty to that charge shortly thereafter.

Prior to Mr. Ocon-Estrada's sentencing hearing, a Presentence Investigation Report (PSR) was prepared. The PSR revealed that, on May 31, 1994, Mr. Ocon-Estrada was convicted of burglary of a habitation in Texas state court, which resulted in a suspended ten-year prison sentence. On April 13, 1995, however, his probation was revoked and he was sentenced to five years' imprisonment. Consequently, the PSR calculated Mr. Ocon-Estrada's base offense-level as eight and recommended a sixteen-level enhancement because his prior burglary conviction qualified as an enumerated "crime of violence." See U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. n.1(B)(iii). The PSR also recommended a three-level reduction for acceptance of responsibility, resulting in a total offense-level of twenty-one. In addition, Mr. Ocon-Estrada had three criminal history points, placing him in a criminal history category of II. A base offense-level of twenty-one combined with a criminal history category of II resulted in a Guideline range of forty-one to fifty-one months' imprisonment, which the Probation Office believed to be reasonable.

At the district court, Mr. Ocon-Estrada claimed that his date of birth was January 28, 1977 and thus he was only seventeen years old when he was convicted of burglary in Texas. Prior to his current offense, Mr. Ocon-Estrada had been arrested on three occasions and had given his date of birth as June 3, 1976 each time. Nonetheless, the PSR adopted the 1977 date of birth and noted his juvenile status at the time of his Texas burglary conviction.

At the sentencing hearing, Mr. Ocon-Estrada argued that the forty-one to fifty-one month Guideline range was unreasonable because he had been convicted of the crime of violence eleven years prior and had committed that crime when he was a minor. He also argued that the burglary for which he was convicted in Texas was not in fact a crime of violence. For these reasons, he requested a sentence of ten months' imprisonment. The district court, however, concluded that his burglary conviction was indeed a crime of violence and thus a sixteen level enhancement to his base offense-level was appropriate. But, it agreed with Mr. Ocon-Estrada that his juvenile status was a relevant sentencing factor and, as a result, it found that a downward variance from the advisory Guideline range was appropriate. II Aplt. App. (Statement of Reasons) at 3. As a result, it sentenced him to thirty months' imprisonment and two years' supervised release.

On appeal, Mr. Ocon-Estrada maintains that, despite the fact it is eleven months less than the minimum advisory Guideline range, the district court's sentence is unreasonable because it still includes a sixteen-level enhancement for

an offense he committed as a juvenile over eleven years ago. He claims that the sentence does not adequately compensate for the fact that he was a minor at the time of the prior offense. Additionally, he asks us to reverse his sentence because the district court failed to adequately explain why it sentenced him to thirty months' imprisonment rather than the ten months he requested.

When reviewing a challenged sentence, we engage in a two-step analysis. First, we determine whether the district court correctly calculated the Guideline sentence, "reviewing its legal conclusions de novo and its factual findings for clear error." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam). Second, we consider whether the ultimate sentence is reasonable in light of the factors provided in 18 U.S.C. § 3553(a). United States v. Jarillo-Luna, 478 F.3d 1226, 1228-29 (10th Cir. 2007).

The district court correctly calculated the Guidelines sentence. Mr. Ocon-Estrada first appears to argue that the district court improperly applied the Guidelines because his prior Texas conviction for burglary does not constitute a crime of violence supporting a sixteen-level enhancement to his base offense level. This argument is unconvincing given that the definition of a "crime of violence" found in the comments to U.S.S.G. § 2L1.2 specifically lists "burglary of a dwelling" as a crime of violence. See U.S.S.G. § 2L1.2, cmt. n.1(B)(iii); see also United States v. Guadardo, 40 F.3d 102 (5th Cir. 1994) (holding that burglary of a dwelling in Texas constitutes a crime of violence). Moreover, Mr.

Ocon-Estrada's alleged status as a minor does not alter the characterization of his prior offense as a crime of violence.

Mr. Ocon-Estrada's reliance on our unpublished decision in <u>United States v. Ortuno-Caballero</u>, 187 F. App'x 814 (10th Cir. 2006), is unavailing. In that case, we explained:

> Because defendant has not been convicted of any of the crimes specifically enumerated in the first portion of § 2L1.2(b)(1)(A)'s "crime of violence" definition, the only way he could be subjected to the 16-level enhancement thereunder is if his prior Colorado state conviction for attempted first degree criminal trespass of a dwelling "had as an element the use, attempted use, or threatened use of physical force against the person of another."

<u>Id.</u> at 817 (alteration omitted). Here, burglary of a dwelling is specifically listed as a crime of violence within U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). That listing, standing alone, renders <u>Ortuno-Caballero</u> inapposite.

Mr. Ocon-Estrada further contends that the district court erred in enhancing his offense-level based on his prior conviction because U.S.S.G. § 4A1.2(d)(2) prohibits taking a juvenile conviction into account if the defendant was released from confinement for that offense more than five years prior to the offense for which he is currently being sentenced. In so arguing, he conflates the rules regarding the calculation of a criminal history category with those regarding the calculation of an offense-level. Section 4A1.2, entitled "Definitions and Instructions for Computing Criminal History," provides instructions for calculating a defendant's criminal history points; it has nothing to do with the

calculation of an offense-level and places no limitation on the enhancement of a defendant's offense-level for prior crimes of violence.

Finally, Mr. Ocon-Estrada argues that the district court misapplied the Guidelines because the sixteen-level enhancement was for a crime that occurred more than eleven years prior to his illegal reentry. This argument similarly fails because U.S.S.G. § 2L1.2 does not require that a prior conviction for a crime of violence be within a certain period of time from a reentry in order to support an enhancement. See U.S.S.G. § 2L1.2, cmt. n.1(B)(viii). Thus, the district court did not err in concluding that Mr. Ocon-Estrada's prior conviction constituted a crime of violence and necessitated a sixteen-level enhancement.

Turning to the reasonableness of the sentence, Mr. Ocon-Estrada avers that the thirty-month sentence is unreasonable because it still includes an enhancement for a crime committed while a minor, and he claims the district court did not give adequate reasons for only reducing his sentence by eleven months (from the bottom of the Guideline range) rather than by the thirty-one months he requested. Both arguments, however, are without merit. The district court properly considered the fact that Mr. Ocon-Estrada was a juvenile when he committed the prior offense and, due to that fact, the court imposed a sentence eleven months below the minimum advisory Guideline sentence in accordance with 18 U.S.C. § 3553(a)'s sentencing factors. III Aplt. App. at 9-10. More specifically, the district court stated the following:

The Court has reviewed the factual findings and has considered the sentencing guideline applications. The Court has also considered the factors set forth in 18 United States Code, Section 3553. The Court finds the nature and circumstances of the offense and the history and characteristics of the defendant indicate that the guidelines do not adequately account for his juvenile status at the time of the offense. Therefore, although the Court has considered the seriousness of the offense and the seriousness of this offense in terms of reentering the country, and to afford adequate deterrence to criminal conduct in the future by this defendant and protect the public as necessary, the Court will depart downward three levels, and that will make this an offense level of 18, rather than 21, as indicated in the presentence report. Together with a criminal history category of 2 results in a guideline imprisonment range of 30 to 37 months. . . . Therefore, . . . Pedro Ocon-Estrada, will be committed to the custody of the Bureau of Prisons to serve a term of 30 months.

Id.

Thus, for the purposes of deterrence and protecting the public and in consideration of the seriousness of the offense (all factors listed in § 3553(a)), the district court determined that thirty months was an appropriate sentence. In doing so, the court exercised its discretion under United States v. Booker, 543 U.S. 220 (2005), to impose a sentence lower than that suggested by the properly calculated Guideline range because Mr. Ocon-Estrada was a minor when he committed the offense underlying his prior conviction. The reasons given for arriving at the thirty-month sentence were sufficient. See Jarillo-Luna, 478 F.3d at 1230. As a

result, the district court imposed a procedurally and substantively reasonable sentence.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge