United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 02-10703
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNY RAY WARD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-149-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donny Ray Ward appeals following his convictions for possession of methamphetamine with intent to distribute, 21 U.S.C. § 841 (Count One), (2) possession of unregistered destructive devices, 26 U.S.C. §§ 5845, 5861(d), 5871 (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (Count Three). We AFFIRM IN PART, VACATE IN PART, and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ward first challenges the district court's determination that he is accountable for 60.6 grams of methamphetamine (actual), and his corresponding sentence of 121 months' imprisonment under Count One. See U.S.S.G. § 2D1.1(c)(4) (Drug Quantity Table). This court reviews de novo the sentencing court's interpretation and application of the Sentencing Guidelines. See United States v. Charles, 301 F.3d 309, 313-14 (5th Cir. 2002)(en banc)). This court reviews a district court's factual findings concerning the quantity of drugs attributable to a defendant for clear error. See United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993).

Ward contends that, because he was charged with possession of methamphetamine with intent to distribute, the district court could sentence him based only on the quantity of drugs he possessed. Because the precursor materials found on Ward's premises were part of the same course of conduct or part of a common scheme or plan as the count of conviction, the district court was required under the Sentencing Guidelines to consider them in calculating Ward's sentence. See U.S.S.G. § 1B1.3, comment. (backg'd).

Ward also argues that the district court's determination that the pseudoephedrine found on his premises could be used to manufacture 56.1 grams of methamphetamine (actual) was error because the district court lacked reliable information as to the quantity or purity of the drug that could have reasonably been

extracted in a clandestine laboratory.  A review of the sentencing proceedings show that the district court simply accepted the calculations and estimates of the Government's experts as to drug quantity over that of Ward's expert, Dr. Booker.  A district court does not clearly err in crediting one expert's analysis over that of another.  See United States v. Doggett, 230 F.3d 160, 167 (5th Cir. 2000).

We do not reach the merits of Ward's argument that 1.2 grams of methamphetamine were for his personal use because this amount does not affect the applicable Guideline range.  See United States v. Jackson, 22 F.3d 583, 585 (5th Cir. 1994); U.S.S.G. § 2D1.1(c)(4).  As Ward concedes, his argument that 21 U.S.C. § 841(A) & B are facially unconstitutional is foreclosed.  See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Citing Amendment 599 to the Sentencing Guidelines, Ward argues that the district court erred in applying a two-level enhancement pursuant to § 2D1.1(b)(1).  He also contends that the district court erred in sentencing him to the statutory maximum of 120 months' imprisonment for Count Two.  Because Ward did not raise these issues in the district court, he must satisfy the plain error standard.  See United States v. Olano, 507 U.S. 725, 731-37 (1993).

The Government concedes that the district court erred in applying the enhancement.  We agree that the application of the two-level enhancement was error.  See U.S.S.G. § 2K2.4, comment.

(n.2). We disagree with the remainder of the Government's analysis, however, because the grouping of Count One and Count Two was proper. See U.S.S.G. § 3D1.2(d). Under a correct application of the Guidelines, Ward's sentences on Count One and Count Two are to be based on a total offense level of 29. Because the district court misapplied the Guidelines, and Ward's sentences on Count One and Count Two fall outside the applicable range under the Guidelines, we exercise our discretion under plain error review, VACATE Ward's sentences on Count One and Count Two, and REMAND for resentencing. See Olano, 507 U.S. at 735-37; United States v. Alarcon, 261 F.3d 416, 424 (2001).

Ward has not shown that his conviction under 18 U.S.C. § 924(c) was plain error. See United States v. Ceballos-Torres, 218 F.3d 409, 410-15 (5th Cir. 2000). Accordingly, Ward's conviction under Count Three is AFFIRMED. Given the above determination, we reject Ward's argument that the district court plainly erred in failing to apply a two-level reduction under the "safety-valve" provisions of the Sentencing Guidelines. See U.S.S.G. §§ 2D1.1(6), § 5C1.2(a)(2).

To the extent that Ward raises ineffective assistance of counsel claims or other arguments for the first time in his reply brief, we do not consider his arguments. See Price v. Roark, 256 F.3d 364, 369 n.2 (5th Cir. 2001); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.