# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60826
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TEVIN LADARIUS MITCHELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-70-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tevin Ladarius Mitchell appeals the 57-month, within guidelines range sentence imposed on his guilty plea to unlawful use of a controlled substance while in possession of a firearm. Mitchell contends that the district court procedurally erred by assessing him a criminal history point based on his 2015 Mississippi drug conviction, which he argues is invalid under state and federal law because (1) he was tried in absentia and (2) he was tried

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60826

in an adult court as a juvenile.  He further asserts that the district court improperly found the relevant sentencing facts by only a preponderance of the evidence.

Mitchell's contentions are wholly without merit.  "[A]bsent an allegation that the defendant was denied counsel in the prior proceeding, a district court sentencing a defendant may not entertain a collateral attack on a prior conviction used to enhance the sentence unless such an attack is otherwise recognized by law." *United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010); *accord* U.S.S.G. § 4A1.2(d), comment. (n.6).  Mitchell neither avers that he was unrepresented by counsel during his 2015 prosecution nor cites any legal authority permitting him to collaterally attack his 2015 conviction through an objection to his criminal history computation.  He thus fails to show error in applying the Guidelines.  *See United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005).  Moreover, any such error would be harmless because subtracting the single point for Mitchell's 2015 conviction "would leave him in the same criminal history category and would not affect his sentence." *United States v. Jackson*, 22 F.3d 583, 585 (5th Cir. 1994).

Mitchell's argument regarding the applicable standard of proof at sentencing is baseless.  "[A]s a general matter, the burden of proof at sentencing is by a preponderance of the evidence." *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012) (internal quotation marks and citation omitted; brackets in original).  Although he points to this court's prior suggestion that there could be cases where a higher burden of proof applies, he points to no case at all in our circuit that mandates a higher standard of proof for prior convictions because there is none.

We AFFIRM the judgment.