# United States Court of Appeals
# for the Fifth Circuit

———————

No. 21-51046
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 8, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CESAR ALAN LUJAN-GALLARDO,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-723-1

———————

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Cesar Alan Lujan-Gallardo pleaded guilty to importation of five kilograms or more of cocaine and possession with intent to distribute five kilograms or more of cocaine. At sentencing, the district court found that Lujan-Gallardo was ineligible for a safety valve reduction under U.S.S.G. § 2D1.1(b)(18) because he did not provide the Government with a

———————

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

complete account of his offense and relevant conduct as required by U.S.S.G. § 5C1.2(a)(5). On appeal, he argues that the district court erred by finding that his safety valve statement was incomplete.

We review the district court's finding for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). When calculating the base offense level for drug offenses, § 2D1.1(b)(18) provides that: "If the defendant meets the criteria set forth in subdivisions (1) – (5) of subsection (a) of § 5C1.2 . . . decrease by 2 levels." Additionally, for certain offenses, if a defendant satisfies the criteria of § 5C1.2(a), the safety valve provision, a court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence. U.S.S.G. § 5C1.2(a).

At issue is the fifth requirement of the safety valve provision: that "not later than the time of the sentencing hearing," a defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5). At the sentencing hearing, Lujan-Gallardo stated that he had submitted a safety valve statement to the Government "a couple of days" earlier. He did not provide any detail as to the contents of this statement. The Government responded that the safety valve statement was not sufficient at this time, but noted that it had no objection to giving Lujan-Gallardo more time to respond to its request for additional information. Lujan-Gallardo did not request an extension, nor provide any other explanation as to why the proffered statement was already sufficient. Noting that it was "very rare" for the Government to say a safety valve statement is not complete and that the Government "accept[s] 99.9% of them," the district court found that Lujan-Gallardo's statement was insufficient and that he failed to qualify for the safety valve provision.

Citing *United States v. Lima-Rivero*, 971 F.3d 518 (5th Cir. 2020), Lujan-Gallardo contends that the district court clearly erred in relying on the Government's assertion that his statement was insufficient to find that the safety valve provision did not apply. In *Lima-Rivero*, the court reversed the denial of a safety valve reduction where the district court "misunderstood the legal standard" and "appeared to be under the impression that it lacked discretion to apply the reduction if the government was not satisfied that [the defendant] met the requirements." *Id.* at 521. Yet here, the record reflects that the district court did not feel improperly bound by the Government's position. Indeed, at the sentencing hearing Lujan-Gallardo raised *Lima-Rivero* to argue that the district court should reconsider its decision to not apply the safety valve reduction. The district court declined to do so, not because it felt bound by the Government's position but because, given the rarity of Government rejections of proffered safety valve statements, it believed there must be a reason for this rejection. Because the district court simply found the Government's position persuasive, rather than binding, *Lima-Rivero* is inapposite.

Moreover, Lujan-Gallardo bears the burden of proving his eligibility for safety-valve relief. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Yet Lujan-Gallardo does not point to any evidence that could demonstrate that the statement he provided to the Government was complete, nor does he explain why he did not ask the district court for more time to provide additional information to the Government, even when the Government indicated that it would work with him to address any deficiency in his statement. As Lujan-Gallardo admits, the record before the district court regarding his safety valve statement was sparse. But Lujan-Gallardo was given the opportunity to correct this deficiency—indeed, the Government indicated that it would be amenable to rescheduling the sentencing hearing to allow time to work with Lujan-Gallardo to complete his

statement. Lujan-Gallardo, however, neither requested this extension nor put forward any more evidence as to why his statement should be considered complete. Put plainly, it was not clear error for the district court to find that Lujan-Gallardo's bare assertion that his safety valve statement was satisfactory was enough to satisfy § 5C1.2(a).

We do not address the merits of the other sentencing issues Lujan-Gallardo raises on appeal.  As he correctly concedes, in light of our decision to affirm the district court's safety valve finding, his sentence would not be affected even if we were to resolve the remaining issues in his favor.  *See United States v. Jackson*, 22 F.3d 583, 585 (5th Cir. 1994).

AFFIRMED.